SHARON D. MAYO (SBN 150469)
sharon.mayo@aporter.com
ERICA CONNOLLY (SBN 288822)
erica.conolly@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

AMIE L. MEDLEY (SBN 266586)
amie.medley@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WB MUSIC CORP., BUT FATHER I JUST WANT TO SING MUSIC, HUNTERBORO MUSIC, UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., SONY/ATV TUNES LLC, OBVERSE CREATION MUSIC, NICE HAIR PUBLISHING, PARTY ROCK MUSIC, YEAH BABY MUSIC, ESKAYWHY PUBLISHING, UH OH ENTERTAINMENT, DIVINE MILL MUSIC, FINGAZ GOAL MUSIC, EMI APRIL MUSIC INC., HI MOM I DID IT, CHEBRA MUSIC, and UNIVERSAL MUSIC CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ROYCE INTERNATIONAL BROADCASTING CORPORATION, PLAYA DEL SOL BROADCASTERS, SILVER STATE BROADCASTING, LLC, GOLDEN STATE BROADCASTING, LLC, and EDWARD R. STOLZ, II, <br><br> Defendants. | Case No: <br><br> **COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT** <br><br> (17 U.S.C. §§ 101 et seq.) |

- 1 -

**COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT**

Plaintiffs, by their undersigned attorneys, allege as follows:

1. This is a suit for copyright infringement under the United States Copyright Act, Title 17 of the United States Code.

2. This Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege eleven (11) causes of action for willful copyright infringement based on the Defendants' unauthorized public performances of Plaintiffs' copyrighted musical compositions via radio broadcast. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2 of Schedule A[1] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. Defendant Royce International Broadcasting Corporation ("Royce International") is a corporation organized under the laws of Nevada with offices at 73-733 Fred Waring Drive, Suite 201, Palm Desert, CA 02260.

6. Defendant Playa Del Sol Broadcasters ("Playa Del Sol") is a sole proprietorship with offices at 73-733 Fred Waring Drive, Suite 201, Palm Desert, CA 92260. Playa Del Sol is the FCC licensee of radio station KRCK-FM, located in Mecca, California.

7. Defendant Silver State Broadcasting LLC ("Silver State") is a limited liability company organized under the laws of the state of Nevada with offices at 73-

---

[1] All references to "columns" herein refer to the numbered columns set forth in the annexed Schedule A.

733 Fred Waring Drive, Suite 201, Palm Desert, CA 02260. Silver State is the FCC licensee of radio station KFRH-FM, located in North Las Vegas, Nevada.

8. Defendant Golden State Broadcasting LLC ("Golden State") is a limited liability company organized under the laws of the state of Nevada with offices at 73-733 Fred Waring Drive, Suite 201, Palm Desert, CA 02260. Golden State is the FCC licensee of radio station KREV-FM (together with KRCK-FM and KFRH-FM the "Royce Radio Stations"), located in Alameda, California.

9. Defendant Edward R. Stolz II ("Stolz") is an individual who resides and/or does business in this District. According to the Royce Radio Stations' filings with the Federal Communications Commission, Stolz is the president of defendant Royce International, the sole proprietor of defendant Playa Del Sol, the president of defendant Silver State, and the president of defendant Golden State.

10. Defendants Royce International and Stolz own, operate, maintain, control, and/or manage the businesses conducted by Playa Del Sol, Silver State, and Golden State.

## FACTS REGARDING THE OWNERSHIP AND OPERATION OF RADIO STATION KRCK-FM

11. Royce International, Stolz, and Playa Del Sol jointly operate radio station KRCK-FM for commercial purposes. In connection with the operation of KRCK-FM, Royce International, Stolz, and Playa Del Sol publicly perform musical compositions, and/or cause musical compositions to be performed publicly, by broadcast over KRCK-FM.

12. Royce International, Stolz, and Playa Del Sol jointly had, and still have, the right and ability to supervise and control the activities undertaken in connection with the operation of KRCK-FM, including the right and ability to supervise and control the public performance of musical compositions by broadcast over KRCK-FM.

13. Royce International, Stolz, and Playa Del Sol each derive a direct financial benefit from the public performance of musical compositions by broadcast over KRCK-FM.

## FACTS REGARDING THE OWNERSHIP AND OPERATION OF RADIO STATION KFRH-FM

14. Royce International, Stolz, and Silver State jointly operate radio station KFRH-FM for commercial purposes. In connection with the operation of KFRH-FM, Royce International, Stolz, and Silver State publicly perform musical compositions, and/or cause musical compositions to be performed publicly, by broadcast over KFRH-FM.

15. Royce International, Stolz, and Silver State jointly had, and still have, the right and ability to supervise and control the activities undertaken in connection with the operation of KFRH-FM, including the right and ability to supervise and control the public performance of musical compositions by broadcast over KFRH-FM.

16. Royce International, Stolz, and Silver State each derive a direct financial benefit from the public performance of musical compositions by broadcast over KFRH-FM.

## FACTS REGARDING THE OWNERSHIP AND OPERATION OF RADIO STATION KREV-FM

17. Royce International, Stolz, and Golden State jointly operate radio station KREV-FM for commercial purposes. In connection with the operation of KREV-FM, Royce International, Stolz, and Playa Del Sol publicly perform musical compositions, and/or cause musical compositions to be performed publicly, by broadcast over KREV-FM.

18. Royce International, Stolz, and Golden State jointly had, and still have, the right and ability to supervise and control the activities undertaken in connection with the operation of KREV-FM, including the right and ability to supervise and

control the public performance of musical compositions by broadcast over KREV-FM.

19. Royce International, Stolz, and Golden State each derive a direct financial benefit from the public performance of musical compositions by broadcast over KREV-FM.

## PLAINTIFFS' OWNERSHIP OF VALID COPYRIGHTS

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. At the times of the acts of infringement complained of, the Plaintiffs named in each cause of action were the owners of valid copyrights in the compositions therein named.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

24. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 550,000 songwriter, composer, and music publisher members.

25. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions, including the right to perform those compositions via radio broadcast. On behalf of its

members, ASCAP licenses public performances of its members' musical works, collects license fees from those authorized to give those performances, and distributes royalties to its members, less ASCAP's operating expenses.

26. Currently, ASCAP licenses thousands of music users, including thousands of commercial radio stations, whose owners wish to perform lawfully the copyrighted musical compositions in the ASCAP repertory.

27. Defendants previously held ASCAP licenses for the Royce Radio Stations by virtue of the fact that the stations were listed as "Bound Stations" pursuant to either: (i) an order entered in the United States District Court for the Southern District of New York ("SDNY") on November 17, 2004;[2] and/or (ii) an order entered by the SDNY on January 30, 2012[3] (together, the "Orders").

28. Despite the recurring efforts of ASCAP's representatives, the Defendants repeatedly refused and/or failed to pay the required license fees owed ASCAP as required by the Orders and the license agreements annexed to the Orders.

29. As a result, on August 21, 2012, ASCAP sent a letter to the Defendants terminating their ASCAP licenses for the respective Royce Radio Stations.

30. Notwithstanding the termination of the ASCAP licenses for the Royce Radio Stations, and despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their liability under the United States Copyright Law, Defendants have continued to perform publicly ASCAP's members' copyrighted music without permission during the hours that the Royce Radio Stations have been on the air and broadcasting musical entertainment as part of their daily programming.

---

[2] *See United States v. ASCAP, In re Application of Hicks Broad. of Ind., LLC, et al.*, Civ. No. 13-95 (WCC) (S.D.N.Y. Oct. 15, 2004) (Connor, J).

[3] *See In re Application of the Cromwell Group, Inc., et al. related to United States v. ASCAP*, Civ. No. 10 CV 5210 (DLC) (MHD) (S.D.N.Y. Jan. 30, 2012) (Cote, J).

**COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT**

31. Defendants on the dates specified in Column 7, and, upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions by broadcast over the Royce Radio Stations, and Defendants threaten to continue such infringing performances.

32. The public performances identified in each cause of action were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any of the Radio Stations was licensed by, or otherwise received permission from, any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

### ADDITIONAL FACTS ESTABLISHING WILLFUL INFRINGEMENT

33. In undertaking the conduct complained of in this action, Defendants knowingly, intentionally, and willfully violated Plaintiffs' rights.

34. Defendant Stolz is an experienced radio station owner, having owned multiple radio stations at least since the 1970s.

35. Given his nearly 40 years of involvement in the terrestrial radio broadcast industry, Stolz is well aware that broadcasters cannot lawfully perform copyrighted musical works via broadcast over commercial radio stations without the permission of the owners of the copyrights in those works.

36. Nevertheless, Stolz – both individually and doing business as and through Royce International, Playa Del Sol, Silver State, and Golden State – repeatedly has infringed upon the public performance rights of songwriters, composers, and music publishers (including many of ASCAP's members) by broadcasting copyrighted musical works without permission via the Royce Radio Stations.

37. ASCAP members previously have initiated copyright infringement actions against Stolz (doing business as Royce International) on at least three separate

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT

occasions, with each lawsuit arising out of conduct virtually identical to the conduct complained of in this action.

38. The first such infringement action,[4] filed in 1981, resulted in the entry of a judgment against Stolz following his admission that he publicly performed certain musical compositions owned by ASCAP members, without authorization, by broadcast over radio station KWOD-FM, located in Sacramento California, and formerly owned, operated, and managed by Stolz.

39. Following resolution of the *Brockman Music* action, Stolz sought and obtained an ASCAP license for KWOD-FM, but consistently was delinquent in the payment of license fees. As a result, KWOD-FM's ASCAP license was terminated for default on November 5, 1985.

40. Notwithstanding the termination of the KWOD ASCAP license, Stolz continued to perform ASCAP's members' musical works publicly by broadcast over KWOD-FM. As a result, ASCAP members again initiated a copyright infringement action against Stolz. This second action,[5] filed in 1986, was settled and dismissed in 1988.

41. Following resolution of the *Raydiola Music* action, Stolz again sought and obtained an ASCAP license for KWOD-FM, and, again, consistently was delinquent in the payment of license fees. As a result, KWOD-FM's ASCAP license again was terminated for default on August 2, 2002.

42. Notwithstanding ASCAP's second termination of the KWOD-FM ASCAP license, Stolz continued to perform ASCAP's members' musical works publicly by broadcast over KWOD-FM. As a result, ASCAP members filed a third

---

[4] *Brockman Music, et al. v. Edward Royce Stolz, II, d.b.a. Royce International Broadcasting*, Civil Action No. 81-561-PCW (E.D. Cal.) (the *Brockman Music* complaint was filed on August 14, 1981).

[5] *Raydiola Music, et al. v. Edward Royce Stolz, II, d.b.a. Royce International Broadcasting*, Civil Action No. S-86-217-EJG (E.D. Cal.) (the *Raydiola Music* complaint was filed on Feb. 24, 1986).

action against Stolz alleging copyright infringement. The third infringement action,[6] filed in 2003, was also settled and dismissed that same year. Soon after the settlement, Stolz, doing business as Royce International, sold KWOD-FM.

43. In 2012, Broadcast Music, Inc. ("BMI"), ASCAP's principal competitor, also sued Defendants for copyright infringement arising out of the unauthorized public performance of BMI's affiliates' copyrighted musical works by broadcast over the Royce Radio Stations.[7] The BMI lawsuit against Defendants was settled in 2013.

44. As part of the settlement with BMI, Defendants consented to entry of a judgment against them in the event of an uncured default under the terms of the settlement with BMI. Defendants subsequently defaulted under the terms of the BMI agreement, and, on June 9, 2014, the United States District Court for the Northern District of California entered a judgment against Defendants ordering them to pay BMI and its affiliates damages in excess of $200,000.00. See BMI v. Royce International, Civil Action No. 3:12-cv-00166-SI (N.D. Cal. Jun. 9, 2014) (Docket No. 98).

## RELIEF SOUGHT BY PLAINTIFFS

45. The wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of such acts, Plaintiffs will suffer irreparable injury, for all of which Plaintiffs are without any adequate remedy at law. As such, Plaintiffs seek an injunction prohibiting Defendants from publicly performing, and/or causing or permitting the public performance of the aforementioned compositions, or any other composition in the ASCAP repertory, by

---

[6] *Jacklord Music, et al. v. Edward Royce Stolz, II, d.b.a. Royce International Broadcasting Company*, Civil Action No. S-03-0156 LKK (E.D. Cal.) (the Complaint in *Jacklord Music* was filed on January 27, 2003).

[7] *Broadcast Music, Inc., et al. v. Royce International Broadcasting Corp., et al.*, Civil Action No. 3:12-cv-00166-SI (N.D. Cal.).

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT

broadcast over any radio station, including the Royce Radio Stations, owned, controlled, operated, and/or managed by the Defendants.

46. Given Defendants' documented history as repeated copyright infringers, and their clear and knowing disregard for Plaintiffs' valuable copyrights, Plaintiffs seek a finding of willful infringement, and damages pursuant to 17 U.S.C. §§ 504(c)(1)-(2) of not more than One Hundred Fifty Thousand Dollars ($150,000.00) nor less than Seven Hundred And Fifty Dollars ($750.00) in each of the 11 causes of action herein.

47. Given Defendants' documented history as repeated copyright infringers, and their clear and knowing disregard for Plaintiffs' valuable copyrights, Plaintiffs also seek an award of their full costs and fees, including their attorneys fees, incurred as a result of bringing this action pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing and/or causing or permitting the public performance of the aforementioned compositions, or any other composition in the ASCAP repertory, by broadcast over any radio station, including the Royce Radio Stations, owned, controlled, operated, and/or managed by the Defendants unless and until they obtain the requisite authorization.

II. That Defendants be decreed to pay such statutory damages for willful infringement as to the Court shall appear just, as specified in 17 U.S.C. §§ 504(c)(1)-(2), namely, not more than One Hundred Fifty Thousand Dollars ($150,000.00) nor less than Seven Hundred And Fifty Dollars ($750.00) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

- 10 -

COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT

| | | |
|---|---|---|
| 1 | Dated: April 1, 2016 | ARNOLD & PORTER, LLP |
| 2 | | |
| 3 | | By: *[signature]* |
| 4 | | SHARON D. MAYO |
| 5 | | AMIE L. MEDLEY |
| | | ERICA CONNOLLY |

**COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT**

# Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | WB MUSIC CORP.<br><br>BUT FATHER, I JUST WANT TO SING MUSIC<br><br>HUNTERBORO MUSIC | AIN'T IT FUN | Hayley Williams<br><br>Taylor York | April 9, 2013 | PA 1-854-435 | December 31, 2014<br><br>KRCK-FM |
| 2. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC. | ANIMALS | Martijn Garritsen (p/k/a Martin Garrix) | June 17, 2013 | PA 1-899-929 | December 31, 2014<br><br>KRCK-FM |
| 3. | SONY/ATV TUNES LLC<br><br>OBVERSE CREATION MUSIC | DOO-WOP (THAT THING) | Lauryn Hill | August 25, 1998 | PA 1-067-046 | December 31, 2014<br><br>KRCK-FM |
| 4. | NICE HAIR PUBLISHING | #SELFIE | Andrew Taggart | January 28, 2014 | PA 1-891-231 | December 31, 2014<br><br>KRCK-FM |
| 5. | PARTY ROCK MUSIC<br><br>YEAH BABY MUSIC<br><br>ESKAYWHY PUBLISHING | PARTY ROCK ANTHEM | Peter Schroeder<br>David Listenbee<br>Stefan Gordy (p/k/a Redfoo)<br>Skyler Gordy (p/k/a SkyBlu) | June 21, 2011 | PA 1-824-164 | December 29, 2014<br><br>KRCK-FM |
| 6. | WB MUSIC CORP.<br><br>BUT FATHER, I JUST WANT TO SING MUSIC<br><br>HUNTERBORO MUSIC | STILL INTO YOU | Hayley Williams<br><br>Taylor York | April 9, 2013 | PA 1-854-435 | December 3, 2014<br><br>KFRH-FM |

- 12 -

**COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT**

| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
|---|---|---|---|---|---|---|
| 7. | UH OH ENTERTAINMENT<br>DIVINE MILL MUSIC<br>FINGAZ GOAL MUSIC | WIFEY | Eddie Berkeley<br>Keir Gist<br>Robert Lavalle Huggar (p/k/a RL Huggar) | June 20, 2000 | PA 980-886 | November 24, 2014<br>KFRH-FM |
| 8. | EMI APRIL MUSIC INC. | WE FOUND LOVE | Calvin Harris | September 22, 2011 | PA 1-879-462 | November 24, 2014<br>KFRH-FM |
| 9. | HI MOM I DID IT<br>CHEBRA MUSIC<br>ESKAYWHY PUBLISHING<br>YEAH BABY MUSIC | SEXY AND I KNOW IT | George Robertson<br>Erin Beck<br>David Listenbee<br>Kenny Oliver (p/k/a Audiobot)<br>Skyler Gordy (p/k/a SkyBlu)<br>Stefan Gordy (p/k/a Redfoo) | June 21, 2011 | PA 1-824-164 | November 24, 2014<br>KFRH-FM |
| 10. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC. | SWEET NOTHING | Florence Leontine Mary Welch<br>Adam Richard Wiles (p/k/a Calvin Harris)<br>Thomas Edward Percy Hull (p/k/a Kid Harpoon) | October 12, 2012 | PA 1-825-020 | November 20, 2014<br>KFRH-FM |
| 11. | UNIVERSAL MUSIC CORP. | CAN'T GET YOU OUT OF MY HEAD | Robert B. Davis<br>Cathy Dennis | October 1, 2001 | PA 1-136-727 | December 4, 2014<br>KREV-FM |

**COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT**