

FILED

SEP 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WB MUSIC CORP.; BUT FATHER I JUST WANT TO SING MUSIC; HUNTERBORO MUSIC; UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC.; SONY ATV TUNES, LLC; OBVERSE CREATION MUSIC; NICE HAIR PUBLISHING; PARTY ROCK MUSIC; YEAH BABY MUSIC; ESKAYWHY PUBLISHING; UH OH ENTERTAINMENT; DIVINE MILL MUSIC; FINGAZ GOAL MUSIC; EMI APRIL MUSIC INC.; HI MOM I DIT IT; CHEBRA MUSIC; UNIVERSAL MUSIC CORP.,

          Plaintiffs-Appellees,

v.

EDWARD R STOLZ, Esquire,

          Defendant-Appellant.

Nos.  18-55835, 18-55956,
        18-56098

D.C. No.
5:16-cv-00600-JGB-DTB
Central District of California,
Riverside

ORDER

Before:  Peter L. Shaw, Appellate Commissioner.

      The court awarded attorneys' fees on appeal to WB Music Corp. and the other appellees (collectively, "WB Music Corp.") pursuant to 17 U.S.C. § 505

gml/Appellate Commissioner                                          18-55835+

("the Copyright Act"), and referred to the Appellate Commissioner the determination of the amount of fees.  *See* 9th Cir. R. 39-1.9.

The court determines a reasonable fee award under the Copyright Act using the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (analysis for determining reasonable fee applies to all similarly worded fee-shifting statutes).

WB Music Corp. seeks attorneys' fees of $136,111.90 and expenses of $318, for a total award of $136,429.90.  WB Music Corp.'s attorneys expended 194.5 hours with hourly rates of $778.50 and $828 for Sharon D. Mayo, Esq.; $823.50 and $895.50 for Sean M. SeLegue, Esq.; $441 and $508.50 for Cassandra E. Havens, Esq.; $567 for Rachael S. Shen, Esq.; $740 for Jackson Wagener, Esq.; and $355.50 for legal assistant Bryan J. Gresham.

Appellant Edward R. Stolz, Esq., did not oppose the fee request and therefore does not challenge the accuracy or reasonableness of the hours or hourly rates claimed by WB Music Corp.'s attorneys.  A review of the time sheets submitted in support of the fee request confirms that the time expended was

reasonable for the representation. *See Hensley*, 461 U.S. at 433-34; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (court should, by and large, defer to the winning lawyer's professional judgment regarding the time required to spend on the case). In addition, based on the documentation accompanying the fee motion and the Appellate Commissioner's review of fee requests in appeals of similar complexity, the hourly rates claimed by WB Music Corp.'s attorneys are "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984). Accordingly, WB Music Corp. are awarded attorneys' fees based on the time requested at the requested hourly rates.

Attorneys' fees of $136,111.90 and expenses of $318, for a total of $136,429.90, are awarded in favor of WB Music Corp. and the other appellees and against appellant Edward R. Stolz, Esq.

This order amends the court's mandate.