UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-600 JGB (SPx)** | Date | November 20, 2020 |
| Title | *WB Music Corp. et al. v. Royce International Broadcasting Corp. et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiffs' Motion for Post-Judgment Costs and Fees (Dkt. No. 320) and (2) VACATING the November 23, 2020 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff WB Music Corp. et al.'s ("Plaintiff") Motion for Post-Judgment Costs and Fees. ("Motion," Dkt. No. 320). The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court vacates the hearing set for November 23, 2020.

## I.   BACKGROUND

The Court assumes the parties are familiar with the full factual and legal background of this lengthy case and relates only those entries necessary to dispose of the instant motion.

Plaintiffs filed their Complaint on April 1, 2016, alleging eleven causes of action for willful copyright infringement against Defendants Royce International Broadcasting Corp. et al. ("Defendants"). (Dkt. No. 1.) The Court granted Plaintiffs' Motion for Partial Summary Judgment on June 21, 2017, finding Defendants jointly and severally liable for eleven acts of copyright infringement. (Dkt. No. 79.) On March 13, 2018, a jury found that Defendants' infringement had been willful and assessed damages totaling $330,000. (Dkt. No. 155.) The Court entered final judgment on May 22, 2018. ("Judgment," Dkt. No. 190.) The Court awarded Plaintiffs $864,278.75 in attorneys' fees and $43,333.34 in costs on July 9, 2018. ("First Fee Award," Dkt. No. 200.) Defendants have repeatedly attempted to stay, postpone, or delay execution of the Judgment. (See Dkt. Nos. 220, 232-1, 230, 262, 282.) Defendants' post-

judgment conduct required the Court to appoint a receiver to oversee Defendants' radio stations. (Dkt. No. 284.)

## II. LEGAL STANDARD

Section 505 of the Copyright Act provides that a district court may "allow the recovery of full costs by or against any party other than the United States or an officer thereof . . . the court may also award a reasonable attorneys' fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Section 505 grants courts wide "latitude to award attorney's fees based on the totality of the circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016).

The Supreme Court has held that a prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citation and internal quotation marks omitted). Reasonableness of the award is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 200) (internal citations omitted).

The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1993). Moreover, while counsel is "not required to record in great detail how each minute of his time was expended," he should "at least . . . identify the general subject matter of his time expenditures." Id. at 427 (quoting Hensley, 461 U.S. at 437). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 073, 978 (9th Cir. 2008) (internal citations omitted). For example, the court may reduce hours "where the documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

Section 505 neither expressly allows nor expressly bars recovery of post-judgment costs and fees. The search for applicable authority, then, begins with Fed. R. Civ. P. 69(a)(1): "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The Ninth Circuit has held that motions for fees incurred in obtaining judgments are "supplemental proceedings" such that Rule 69(a)(1) applies. Carnes v. Zamani, 488 F.3d 1057, 1060 (9th Cir. 2007).

California procedure thus governs the procedure for cost recovery. And California's Code of Civil Procedure does allow post-judgment costs and fees: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred

in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law." Cal. Civ. Proc. Code § 685.040.

Section 505 of the Copyright Act governs the "extent" to which Section 685.040 applies. And because Section 505 does not bar post-judgment fees, other Ninth Circuit district courts have awarded post-judgment costs and fees in copyright actions. See, e.g., Girlsongs & Warner Bros. v. Starkey, 108 F.R.D. 275, 278 (N.D. Cal. 1984) (awarding fees connected with post-judgment motions on supplemental motion); Odnil Music Ltd. v. Katharsis LLC, No. CIV S-05-0545WBSEFBP, 2008 WL 958109, at *2 (E.D. Cal. Apr. 8, 2008), report and recommendation adopted, No. S-05-0545 WBS EFB, 2008 WL 1930301 (E.D. Cal. May 1, 2008).

### III.   DISCUSSION

Plaintiffs request $243,870.15 in fees. Defendants do not contest that Plaintiffs are owed some amount of fees but contest the way those fees are calculated. The Court therefore determines that Plaintiffs' request for fees is unopposed and determines that Plaintiffs are owed some amount of attorneys' fees. The Court considers Defendants' objections and calculates the total fees awarded below.

**A.   Timeliness of Fee Motion**

Defendants allege that Plaintiffs may only recover for fees incurred within the last two years under CCP § 685.070(b), which allows recovery of post-judgement fees "not later than two years after the costs have been incurred." (Opposition at 3.) Plaintiffs, however, allege that Section 505, which does not have a time limit, governs the extent to which post-judgment fees apply. (Reply at 5-6.)

Plaintiffs have the better argument. As demonstrated above, federal district courts in California have repeatedly refused to apply the substantive limits of CCP § 685.050 and CCP § 685.070 to post-judgment costs and fees in copyright suits. That logic applies here as well. Section 505 of the Copyright Act does not contain a temporal limit for recovery of post-judgment costs. Instead, it gives this Court wide "latitude to award attorney's fees based on the totality of the circumstances in a case." Kirtsaeng, 136 S. Ct. at 1985.

The Court is particularly unimpressed by this argument because Defendants have forced Plaintiffs to spend over two years recovering the money they are owed. Defendants cannot delay recovery of a judgment through repeated unsuccessful motions practice and then allege that Plaintiffs ought to have filed the fee motion earlier. If Defendants wanted to limit Plaintiffs' recovery for legal fees to a certain time period, Defendants should have paid Plaintiffs sooner.

**B.   In-House Counsel Fees**

Defendants allege that Plaintiffs cannot recover for the fees in-house counsel Jackson Wagoner incurred. (Opposition at 3-4.) Defendants cite no case from the Ninth Circuit or any of

its district courts for this proposition.[1] Plaintiffs, however, show that at least one court in this district has awarded legal fees for work in-house counsel performed on a copyright case. Unicom Sys., Inc. v. Farmers Grp. Inc., No. CV 04-04604 AJW, 2009 WL 10670614, at *6 (C.D. Cal. June 29, 2009), aff'd, 405 F. App'x 152 (9th Cir. 2010) (citing PLCM Group, Inc. v. Drexler, 22 Cal. 4th 1084 (2000)). Absent any countervailing authority from the Central District of California or the Ninth Circuit, the Court finds that Plaintiff has met its burden here and awards attorney fees for the work performed by Jackson Wagoner.

### C.   Block Billing

Defendants allege that Plaintiffs' recovery ought to be reduced where Plaintiffs' attorneys block billed. (Opposition at 4-5.) Attorney Sharon D. Mayo occasionally billed several activities together. ("Billing Records," Dkt. No. 320-2.) However, this does not amount to a significant portion of the billing. Moreover, the block-billed portions of the time records are for periods of time so short that the time does not appear inflated, which is the real danger of block billing. See id. The Court therefore declines to reduce Plaintiffs' attorneys' fees for block billing.

### D.   Reasonable Rates

Defendants allege that Plaintiffs' attorneys' hourly rates are unreasonable. Defendants do effectively demonstrate that Plaintiffs' attorneys' hourly rates are at the high end of the normal range. (Opposition at 6-9.) Plaintiffs point out, however, that the Court previously analyzed these rates and found them reasonable. (Reply at 2.) The Court's previous analysis was detailed and thorough. (First Fee Award at 6-8.) Plaintiffs' current fee requests align with this award or represent modest increases in line with inflation. It would be unjust for the Court to approve one set of billing rates and then reduce those rates after Plaintiffs spent two years attempting to recover their initial award. The Court therefore declines to reduce Plaintiffs' attorneys' fees.

### IV.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' Motion and awards Plaintiffs $230,178.50 in costs and fees. The November 23, 2020 hearing is VACATED.

**IT IS SO ORDERED.**

---

[1] The only Ninth Circuit case Defendants cite for this argument does not even mention in-house counsel. (Opposition at 4, citing PSM Holding Corp. v. Nat'l Farm Fin. Corp. (9th Cir. 2018) 884 F.3d 812, 819.)