FRED D. HEATHER - State Bar No. 110650
fheather@glaserweil.com
RORY S. MILLER - State Bar No. 238780
rmiller@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for
Court-Appointed Receiver
W. Lawrence Patrick

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| WB MUSIC CORP. et al., | CASE NO.: 5:16-cv-00600-JGB (SPx) |
|---|---|
| Plaintiffs, | Hon. Jesus G. Bernal |
| v. | **UPDATE ON STOLZ'S EFFORTS TO INTERFERE WITH THE SALE AND FRUSTRATE THE RECEIVERSHIP** |
| ROYCE INTERNATIONAL BROADCASTING CORP., et al., | |
| Defendants. | |

As the Court is now unfortunately well-aware, Edward Stolz will go to any length to frustrate the Court's orders, including the Court's orders appointing the Receiver and approving the sale of the receivership estate's radio sales to third party buyer VCY America. This has been his pattern and practice through decades of abusing the court system. For example, Stolz waged a decades-long legal battle to back out of a sale he agreed to—a battle that was only ended after a trip to the Supreme Court. *See Stolz v. Federal Communications Commission,* 882 F.3d 234 (D.C. Cir. 2018) (cert. denied 139 S. Ct. 209). Stolz has also been declared a "vexatious litigant" under California law. *See, e.g., Stolz v. Bank of America National Trust and Savings Assn.,* 15 Cal. App. 4th 217 (1993).

It should come as no surprise, then, that Stolz is openly declaring his intention to continue with such litigation tactics should the Court not side with his efforts to obstruct the sale. Earlier today, Stolz's attorney in this matter Dariush Adli, sent a letter (attached as Exhibit 1) to VCY America threatening them with collateral litigation should it close on the sale ***that this Court approved:*** Mr. Adli threatens VCY America that "the Stolz parties are committing (sic) to pursuing an unwinding of the transaction," while warning that "[s]uffice to say, any decision by you or your client to continue with the proposed transaction is done at your own risk." Exhibit 1 at p.2.

This unwarranted threat to VCY America is plainly intended by Stolz and his counsel to interfere with the Court-approved sale and receivership. Indeed, there are strong grounds that this letter from Stolz's counsel meets all of the elements required under California law for the tort of intentional interference with contractual relations. *See, e.g., Pacific Gas & Electric Co. v. Bear Stearns & Co.,* 50 Cal. 3d 1118, 1126 (1990) (elements of claim); *see generally* Judicial Council of California Civil Jury Instructions (2020 ed.), CACI No. 2201.

Stolz's ongoing refusal to provide complete, non-evasive information about the business operations of the receivership radio stations, his frivolous (and without

standing) objections before the FCC to the transfer of the broadcast licenses, his prior interference with the posting of the mandatory FCC notices to the stations' websites, and now this latest effort all demonstrate the lengths that Edward Stolz and his cohorts will go to frustrate the will of the Court.

The Receiver respectfully requests that the Court demand an explanation from Stolz and from Mr. Adli about this latest interference during the hearing set for tomorrow, February 26, 2021. Should a valid, acceptable explanation not be forthcoming for this latest conduct, the Receiver respectfully requests that the Court take whatever corrective actions it deems appropriate, including sanctions and/or contempt findings.

DATED: February 25, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: _____
FRED D. HEATHER
RORY S. MILLER
Attorneys for
Court-Appointed Receiver
W. Lawrence Patrick

# Exhibit 1



**ADLI Law Group**
700 S Flower St, Suite 1220 | Los Angeles, CA 90017
213 623 6546 | www.adlilaw.com

Dariush G. Adli, Esq.
President
adli@adlilaw.com

February 25, 2021

**BY MAIL AND EMAIL**
**PRIVILEGED & CONFIDENTIAL**

Kathryne Dickerson, Esq.
Wiley Rein LLP
1776 K St., NW
Washington, DC  20006
kdickerson@wiley.law

> Re:   *Notice Regarding Contested Ownership of Radio Stations*
>        U.S. District Court Central District of California
>        Case No. 5:16-cv-00600-JGB-DTB

Dear Ms. Dickerson,

  This office represents Defendants Royce International Broadcasting Corporation, Playa Del Sol Broadcasters, Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Edward R. Stolz, II (collectively, the "**Stolz parties**") in the litigation referenced in the subject line of this correspondence.

  The purpose of this correspondence is to ensure you are on notice that the Stolz parties continue to maintain they are the owners of the radio stations which you are seeking to purchase (KFRH in Las Vegas, KREV in San Francisco, and KRCK-FM in Palm Springs), and that the Stolz parties will, if necessary, seek to unwind any transaction that is consummated after this date.

  For your reference, the below is a summary of key events in the litigation.  The references in brackets at the end of each sentence are references to the corresponding docket entry in the litigation (which, again, is Case No. 5:16-cv-00600-JGB-DTB).

  On August 6, 2018, the Court issued the Amended Judgment against the Stolz parties and in favor of Plaintiffs. [Dkt. 209.]

  On July 6, 2020, the Court appointed Receiver W. Lawrence Patrick ("**Receiver**") over the radio stations KREV, KFRH and KRCK ("**Radio Stations**") under Rules 66 and 69 of the Federal Rules of Civil Procedure and section 708.620 of the California Civil Procedure Code, in order to ensure that the Plaintiffs were paid the amount of the judgment. [Dkt. 284.]

  On September 10, 2020, the Court filed an order authorizing the Receiver to accept your offer to purchase the Radio Stations [Dkt. 307] following an *in-camera* review; the Stolz parties were not allowed to view the deal documents or participate in assessment of the merits of the deal, despite their objection to being excluded.  [Dkt. 305.]

*Notice re:*
*Contested Ownership of Radio Stations*
Page 2



On November 6, 2020, Receiver filed a Request with the Court for "the Court's permission to proceed forthwith in finalizing the sale by executing the deal documents." [Dkt. 329]. On November 9, 2020, the Stolz parties filed an Objection to the Receiver's Request. [Dkt. 332.] On November 9, 2020, the Court issued an Order granting Receiver's Request to submit deal documents for in camera review. [Dkt. 334.]

On November 9, 2020, the Stolz parties satisfied their obligations to pay the Amended Judgment, in full, by depositing $1,311,371.67 with the Court. [Dkt. 333.] Then, on January 13, 2021, the Court issued the Second Amended Judgment in the amount of $384,124.20 plus interest. [Dkt. 350.] On February 3, 2021, the Court acknowledged receipt of the Stolz parties' deposit of $384,150, which we submit is in full and complete satisfaction of their obligations to pay the Second Amended Judgment plus interest. [Dkt. 367.]

Our clients' position is that, with the satisfaction of the Second Amended Judgment, the Plaintiffs are no longer entitled to any further payments; the purpose of the Receiver has been rendered moot; and the sale of the Radio Stations must be immediately stopped.

Accordingly, on February 3, 2021, the Stolz parties filed a Motion to Discharge the Receiver, Terminate the Receivership, and Enjoin Sale of the Radio Stations (the "**Motion**"). [Dkt. 369.] The FCC has also been notified of these facts in conjunction with a Petition to Deny against the transaction filed on February 3, 2021.

On February 22, 2021, the Stolz parties filed a Reply in support of the Motion. [Dkt. 382.] In the Reply, the Stolz parties reiterated that there is no factual or legal basis remaining for the Receiver to oppose the Motion, nor to oppose the discharge of the Receivership. The Reply also reiterated the sale needs to be terminated or otherwise enjoined, immediately.

While we understand that you may be corresponding with or may have previously corresponded with the Receiver and/or his agents on behalf of VCY America, Inc. with respect to the purchase of the Radio Stations, we wanted to make sure you are going into the transaction with eyes open. The transaction has not yet been formally consummated, and we believe there is a strong basis to stop the transaction from closing. Moreover, even if it does close, the Stolz parties are committing to pursuing an unwinding of the transaction.

Suffice to say, any decision by you or your client to continue with the proposed transaction is done at your own risk. There can now be no question you are on notice that the Stolz parties are of the position that they are, and will remain, the owners of the Radio Stations, and they will take any and all appropriate actions to protect their interest in each of those stations.

Sincerely,

*[signature]*

Dariush G. Adli, Ph.D., Esq.
President, ADLI Law Group