UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 16-600 JGB (SPx)** | Date | March 18, 2021 |
|---|---|---|---|
| Title | *WB Music Corp., et al. v. Royce International Broadcasting Corp., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Defendant's Motion to Discharge the Receiver (Dkt. No. 369)

Before the Court is a Motion to Discharge the Receivership filed by Defendants Golden State Broadcasting LLC, Play Del Sol Broadcasters, Royce International Broadcasting Corporation, Silver State Broadcasting LLC, and Edward R. Stolz II ("Defendants"). ("Motion," Dkt. No. 369.) After considering the papers filed in support of and in opposition to the Motion as well as argument at a hearing on March 10, 2021, the Court DENIES the Motion.

## I. BACKGROUND

The Court relates only those portions of the background of this case germane to the instant Motion. The Court entered final judgment on May 22, 2018 against Defendants, awarding Plaintiffs $330,000 in statutory damages. (Dkt. No. 190.) The Court awarded Plaintiffs $864,278.75 in attorneys' fees and $43,333.34 in costs on July 9, 2018. (Dkt. No. 200.) On August 6, 2018, the Court consolidated all judgments, costs, and fees into a single sum due by Defendants. ("Amended Judgment," Dkt. No. 209.)

Defendants, however, did not immediately satisfy the Amended Judgment. Instead, nine months of evasive maneuvers ensued. Finally, on June 14, 2019, Plaintiffs moved for contempt sanctions and for the appointment of a receiver. (Dkt. Nos. 237, 239.) The Court gave Defendants over a year beyond the date of those motions to satisfy the Amended Judgment. Finally, on July 6, 2020, Defendants' post-judgment conduct forced the Court to appoint a receiver, W. Lawrence Patrick ("the Receiver" or "Mr. Patrick"), on July 6, 2020, to oversee Defendants' radio stations. ("Order Appointing Receiver," Dkt. No. 284.)

Finally, on November 12, 2020, Defendants deposited $1,301,523.16 with the Court, satisfying the Amended Judgment. (Dkt. No. 333.) On November 20, 2020, the Court awarded Plaintiffs $230,178.50 in post-judgment costs and fees. ("Second Fee Award," Dkt. No. 337.) On January 13, 2021, the Court determined that the amounts of the Second Fee Award and other outstanding amounts owed totaled $384,124.20. ("Second Amended Judgment," Dkt. No. 350.) On February 3, 2021, Defendants deposited $384,150.00 with the Court. (Dkt. No. 367.)

Defendants filed this Motion on that same day. The Receiver opposed on February 14, 2021. ("Opposition," Dkt. No. 377.) Interested party Bellaire Tower Homeowners Association opposed on that same day. ("Bellaire Towers Opposition," Dkt. No. 378.) Defendants replied in support of the Motion on February 22, 2021. ("Reply," Dkt. No. 382.) Interested party VCY America, Inc. filed a statement of interest on March 3, 2021. (Dkt. No. 398.) Defendants filed a status report in support of the Motion on March 11, 2021. ("Status Report," Dkt. No. 409.)

## II.   LEGAL STANDARD

Cal. Civ. Proc. § 708.620 provides that "[t]he court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment." Similarly, Rule 66 of the Federal Rules of Civil Procedure ("Rules") allows the appointment of a receiver.

When to terminate a receivership is much less clear. At common law, a person was entitled to have a receivership terminated and his property returned to him upon full payment of a debt or judgment. Milwaukee & M.R. Co. v. Soutter, 69 U.S. 510, 521–22 (1864). However, courts more recently have found that "it is discretionary and not incumbent upon the court to dismiss the receiver when the debt is discharged." Consol. Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 327–28 (1st Cir. 1988). See also, e.g., Sec. & Exch. Comm'n v. An-Car Oil Co., 604 F.2d 114, 119 (1st Cir. 1979) ("[t]he district court possesses a broad range of discretion in deciding whether or not to terminate an equity receivership"); Milo v. Curtis, 100 Ohio App. 3d 1, 8, 651 N.E.2d 1340, 1345 (1994) (court must consider "any relevant equitable considerations" before terminating a receivership and find "some cognizable need or risk of unfair prejudice" in order to continue it).

Generally, a court will not entertain a motion for termination of a receivership until the Receiver prepares a final accounting. 65 Am. Jur. 2d Receivers § 146. For example, a court in the District of Hawaii considering a disputed question of terminating a receivership required the receiver to "file a final accounting with the Court" and "perform any other action necessary to wind up the receivership" by a specified date before parties could file a motion to terminate the receivership. Bruser v. Bank of Hawaii, No. CV 14-00387 LEK-RLP, 2020 WL 5845713, at *5 (D. Haw. Sept. 30, 2020)

## III.  DISCUSSION

Defendants move the Court to terminate the receivership because they allege that they have fully satisfied the judgments issued in this case. (Motion at 2.)  The Receiver does not dispute that the Defendants have satisfied the judgements; rather, he opposes dissolution of the receivership on the grounds that the Court has already approved the sale of the radio stations at issue in the case, and sale of these stations is necessary to pay all outstanding debts of the receivership estate, include a judgment in a second case and the expenses of the Receiver and his employees. (Opposition at 2-3.)

Termination of a receivership is an equitable question, and unfortunately, neither the legal nor the factual equities favor Defendants.  The caselaw supports continuation of the receivership.  The court in Consolidated Railroad Corporation declined to terminate a receivership where a debt was satisfied until the debts of non-party creditors had been satisfied as well: "In this way the court can ensure that the receiver will not deplete all of the debtor's assets on behalf of one creditor, leaving other creditors without remedy." 861 F.2d at 327–28.  In that case, the appellate court affirmed the district court's decision to "retain jurisdiction until it is satisfied that Conrail has collected the funds due to it and that collection thereof by the receiver has not unfairly prejudiced [defendant's] other creditors." Id. at 328.  That logic, in a nearly identical procedural posture, is applicable to the instant case as well.  Defendants owe at least one other creditor a sum that has been reduced to judgment, and Mr. Patrick has been appointed Receiver in that case as well.  (See Bellaire Towers Opposition.)  Under Consolidated Railroad Corporation, the Court is within its discretion to prolong the receivership in order to ensure that the satisfaction of the judgments in the instant case has not prejudiced other creditors.

Additionally, as outlined above, courts normally do not terminate receiverships until the Receiver prepares a final accounting.  This makes logical sense: a court must ensure that a receiver will be compensated for his time managing the property of one of the parties.  So too in this case.  The Receiver has indicated that he has outstanding bills to collect, and Defendants have indicated that they intend to challenge those amounts. (Opposition at 2-3; Reply at 4-6.)  As other district courts in the Ninth Circuit have done, the Court declines to terminate the receivership until those amounts are determined.

The Court is not required to prolong the receivership until these amounts are satisfied; indeed, as Defendants point out, the Court could terminate the receivership at this juncture. (Status Report at 2.)  However, the factual equities do not favor Defendants.  The Court was forced to appoint the Receiver because Defendants failed to satisfy the Amended Judgment for two years.  The Court simply cannot trust Defendant Ed Stolz's representations that he will satisfy amounts due in the future.

## IV. CONCLUSION

For the reasons above, the Court DENIES Defendants' Motion.

**IT IS SO ORDERED.**