SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JACKSON WAGENER (*pro hac vice*)
jwagener@ascap.com
American Society of Composers, Authors and Publishers
250 West 57th Street
New York, NY 10107
Telephone: (212) 621-6018
Facsimile: (212) 787-1381

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.B. MUSIC CORP., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ROYCE INTERNATIONAL BROADCASTING CORPORATION, et al.,<br><br>  Defendants. | Case No. 5:16-cv-00600-JGB(SPx)<br><br>**DECLARATION OF SHARON D. MAYO IN SUPPORT OF SECOND MOTION FOR POST-JUDGMENT COSTS AND FEES**<br><br>Hearing Date: May 10, 2021<br>Time: 9:00 a.m.<br>Judge: Hon. Jesus G. Bernal<br>Courtroom: 1 |

1    I, Sharon D. Mayo, declare:

2    1.   I am a senior counsel with the law firm of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), counsel for Plaintiffs and Plaintiffs W.B. Music Corp., *et al.* I am admitted to practice before this Court. Except as otherwise stated, I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would testify competently to them.

## Background and Description of Work Performed

2.   The long history of Defendants' pattern and practice of deliberate and intentional infringement of Plaintiffs' copyrights, ignoring this Court's orders, multiple sanctions and contempt findings, and deliberate delay and evasion tactics is well known to this Court, but the facts salient to this second motion for attorneys' fees and costs are briefly set forth here.

3.   This is an action filed in April, 2016 for copyright infringement arising from the unauthorized performance of music via radio broadcast stations, by recidivist copyright infringers. Plaintiffs prevailed at every phase of this litigation, winning partial summary judgment for infringement (Dkt. No. 79), a jury verdict of willful infringement (Dkt. Nos. 164, 165), a permanent injunction enjoining Defendants from performing via radio broadcast any of the copyrighted songs in ASCAP's repertory (Dkt. No. 187), and an award of attorney fees and costs for the work done to litigate the case through trial (Dkt. No. 200). An Amended Judgment was entered by the Court on August 6, 2018 (Dkt. No. 209). The Amended Judgment was affirmed on appeal by the Ninth Circuit (Dkt. No. 285).

4.   Following entry of the Amended Judgment, Plaintiffs expended substantial time and effort to enforce the Amended Judgment because Defendants refused to satisfy it voluntarily. Those activities included, in part: litigating a supersedeas bond requirement and Defendants' failure to post a bond; attempting to obtain from Defendants discovery in aid of post-judgment execution; moving to compel and then taking the deposition of Defendant Edward Stolz; twice moving for

the appointment of a receiver; and responding to multiple motions filed by Defendants for the purpose of delaying or obstructing Plaintiffs' collection of the amounts due on the Amended Judgment.

5. In October 2020, Plaintiffs filed a motion to recover the post-judgment costs and fees they had incurred through October 14, 2020. The Court granted the motion on November 20, 2020, awarding Plaintiffs $230,178.50 (Dkt. No. 337). Plaintiffs submitted a [Proposed] Second Amended Judgment on December 1, 2020, to reduce to a single judgment the additional amounts owed to Plaintiffs by Defendants. The additional amounts owed were the post-judgment attorneys' fees awarded in October, two sanctions awards against Defendant Stolz that had not been paid, and the attorneys' fees awarded by the Ninth Circuit in affirming the Amended Judgment. The Court entered the Second Amended Judgment on January 13, 2021.

6. Since the filing of their fee motion in October 2020, Plaintiffs have incurred additional post-judgment costs and fees to enforce the Amended Judgment and Second Amended Judgment. Plaintiffs' efforts from October 14, 2020 to the date of this filing have included, among other things, the following:

   a. Responding to Defendants' objection and opposition to Plaintiffs' October 2020 motion for post-judgment costs and fees;
   b. Responding to Defendants' *ex parte* application for an order to compel Plaintiffs to accept payment of less than Defendants owed to Plaintiffs;
   c. Responding to Defendants' motion to enforce a purported settlement agreement with Plaintiffs;
   d. Preparing the Second Amended Judgment, entered by the Court on January 13, 2021;
   e. Monitoring the contempt proceedings arising from Defendants' refusal to comply with the Court's orders and efforts to frustrate, obstruct and interfere with the Receivership;

      f. Responding to Defendants' motion to discharge the Receiver, terminate the Receivership, and enjoin the sale of the radio station assets in receivership;

      g. Attending multiple contested hearings regarding the above motions;

      h. Correspondence and other communications with Defendants' counsel and counsel for the Receiver; and

      i. Coordination of all of the above.

7. Throughout this process, and at all times relevant beforehand, this firm represented Plaintiffs in this matter, providing legal services in connection therewith. Arnold & Porter's work in connection with this matter began in January 2016, and continues to this day.

**Status of the Second Amended Judgment**

8. The receiver appointed in this matter, W. Lawrence Patrick, received authorization from this Court to accept the pending offer to purchase the radio stations owned by Defendant. Dkt. No. 307. As of the date of this filing, however, Judgment Creditors have not received a return or any payment from the sale of the radio stations. Thus, the Second Amended Judgment has not been satisfied through the sale of the Receivership assets.

9. The Court ordered Defendants to deposit with the Court funds in the amount of the Amended Judgment (Dkt. No. 327) and the Second Amended Judgment (Dkt. No. 352). Defendants complied with the Court's Orders and deposited the funds with the Court.

10. Plaintiffs have requested on multiple occasions that Defendants stipulate to the release of the funds Defendants deposited with the Court. My discussions with Defendants' counsel Dariush Adli in late November/early December 2020 are set forth in more detail in my February 12, 2021 declaration (Dkt. No. 376-1) in opposition to Defendants' motion to discharge the Receiver and terminate the Receivership. In brief, Defendants would not stipulate to the release of the funds

unless Plaintiffs provided some "consideration" for their agreement. I understood that to mean Defendants wanted a discount from the full amount that the jury, this Court, and the Ninth Circuit determined that Defendants must pay to Plaintiffs.

11. Plaintiffs again requested that Defendants stipulate to the release of the funds held by the Court during the March 22, 2021 meet and confer telephone conference for this motion. The details of that discussion are set forth in the concurrently filed Declaration of Jackson Wagener, but in short, Defendants refuse to stipulate to the unconditional release of the funds on deposit with the Court. Thus, Plaintiffs have not received any payment from Defendants, and the Second Amended Judgment has not been satisfied.

## **Attorneys' Fees and Costs Requested**

12. I have reviewed the billings this firm has made in connection with previously unbilled work to enforce the Amended Judgment and Second Amended Judgment for Plaintiffs from October 14, 2020 up to the present day. Plaintiffs have incurred $89,467.20 in attorneys' fees with our firm in the aforementioned enforcement efforts during this six-month period. This sum represents a total of 92.4 hours of attorney time incurred over that period. Attached hereto as **Exhibit A** is a schedule of all attorney and legal assistant time incurred.

13. The hours listed in Exhibit A are derived from contemporaneous billing reports recording the time expended in this case for the time period in question. As a matter of regular business practice at Arnold & Porter, each attorney prepares daily records of the time he or she spends on each matter for each client and the work performed. These time records are logged in six minute increments, and include descriptions of the tasks undertaken for each time entry. Those records are then entered in the normal course of business into Arnold & Porter's billing system. The billing attorney in turn reviews the bills and may edit them, or request the timekeepers to edit them, for clarity or to write off time that in the judgment of the billing attorney should not be charged to the client. In this matter, I am the billing

attorney and reviewed all bills for accuracy and reasonableness. To the extent I believed time was not appropriately billed to the client, it was written off and is likewise not included in the exhibits to this declaration. The attached exhibits reflect true and correct timekeeper entries with minor modifications to protect potentially privileged and/or confidential information, as Plaintiffs do not intend to waive any privilege associated with these billing records, or for clarification. The items listed in these records reflect non-duplicative and substantive work that is appropriate to recover in a fees motion.

14. All of this time has been billed in connection with the enforcement of the Amended and Second Amended Judgment in this matter.

15. In addition to these fees, Plaintiffs incurred non-statutory costs in the amount of $308.66, representing duplicating and print jobs, courier and overnight delivery fees, and transcript fees. In my opinion and experience, these expenses were reasonably and necessarily incurred in representing Plaintiffs in connection with enforcing the Amended Judgment and Second Amended Judgment, and all of these expenses are of the kind that are normally and customarily billed to and paid by fee-paying clients, and were billed and paid here. These costs are identified in Section 1(h) of Plaintiffs' Memorandum of Costs and are exclusive of those costs listed in Sections 1(a)-(g) of said Memorandum. Attached hereto as **Exhibit B** is a schedule of all non-statutory incurred costs. Attached hereto as **Exhibit C** is Plaintiffs' Memorandum of Costs.

16. As noted above, I am a senior counsel at Arnold & Porter. My practice focuses on representing parties in complex disputes, including intellectual property matters. I graduated from Claremont McKenna College with a Bachelor of Arts degree in 1986 and received a Juris Doctor degree from Loyola Law School in 1990. Upon graduation, I joined Quinn, Kully & Morrow in Los Angeles as an associate. Quinn, Kully & Morrow combined with Arnold & Porter in 1996. I was elected partner at Arnold & Porter effective January 1, 1999. From 2012–2015 I was

1  recognized as a Northern California Super Lawyer. I was named a "California
2  Lawyer of the Year" for Complex Civil Litigation in 2020. For twenty-nine years, I
3  have represented ASCAP and its members in copyright infringement litigation. My
4  billing rate on this matter was $895.50 in 2020 and $976.50 in 2021. Plaintiffs seek
5  to recover for 34.3 hours of my time on this case for a total amount of $50,350.05.
6  Attached hereto as **Exhibit D** is a true and correct itemization of my time entries for
7  which Plaintiffs seek recovery.

8      17. On behalf of Plaintiffs, I supervised the work of associate Laura E.
9  Watson, as well as Cassandra E. Havens until she left the firm.

10     18. Laura E. Watson is an associate in Arnold & Porter's Commercial
11 Litigation practice group. Ms. Watson received her B.A. from the University of
12 California, Los Angeles, in 2012, and her J.D. from the University of Southern
13 California Gould School of Law in 2017. Ms. Watson's billing rate on this matter
14 was $607.50 in 2020 and $706.50 in 2021. Plaintiffs seek to recover for 39.6 hours
15 of her time on this case for a total amount of $27,878.40. Attached hereto as **Exhibit**
16 **E** is a true and correct itemization of Ms. Watson's time entries for which Plaintiffs
17 seek recovery.

18     19. Cassandra E. Havens is a former associate in Arnold & Porter's
19 Intellectual Property practice group who left the firm in 2020. Ms. Havens received
20 her B.A. from the University of California, Berkeley, in 2014, and her J.D. from the
21 University of California, Berkeley, School of Law in 2017. Ms. Havens' billing rate
22 on this matter was $607.50 in 2020. Plaintiffs seek to recover for 18.5 hours of her
23 time on this case for a total amount of $11,238.75. Attached hereto as **Exhibit F** is a
24 true and correct itemization of Ms. Havens' time entries for which Plaintiffs seek
25 recovery.

26     20. The billing rates for each Arnold & Porter attorney involved in this
27 matter are Arnold & Porter's standard billing rates for the periods of time in which
28 the work was performed, less a 10% discount. In addition, I deferred the normal

1  increase in my billing rate that would have gone into effect for 2018 for this matter,
2  and my rate for each year since then has been one year behind my standard billing
3  rate for other matters I work on at the firm. Arnold & Porter's billing rates are based
4  on our analysis of the market rate for attorneys with comparable qualifications,
5  background, experience, and reputation at comparable firms performing comparable
6  work. I am informed and believe that the rates requested for the time of the Arnold &
7  Porter attorneys are reasonable in relation to the hourly rates prevailing in California
8  for similar work performed by attorneys of similar experience at competitive national
9  law firms.

10  21. Attached to this Declaration as **Exhibit G** is a true and correct copy of
11  an excerpt from the National Law Journal's 2017 Survey of billing rates from the
12  published rates in the 20 largest federal bankruptcy jurisdictions. Arnold & Porter's
13  rates fall within the range of the 2017 rates for the following two firms listed with
14  primary offices in California: Cooley LLP (Partners: Average $1,100, Associates:
15  $595–835) and Sheppard, Mullin, Richter & Hampton (Partners: Average $760,
16  Associates: $585–630).

17  22. In addition, Arnold & Porter's rates fall within the range of other
18  comparable national law firms with a sizable presence in California listed in the
19  National Law Journal survey, including the following: Gibson Dunn & Crutcher
20  (Partners: $925–1,195, Associates: $250–875), Greenberg Traurig (Partners $625–
21  1,080, Associates: $450–475), Jones Day (Partners: $700–1,050, Associates: $300–
22  800), Kirkland & Ellis (Partners: $235–1,410, Associates: Average $680), Reed
23  Smith (Partners: $820–902, Associates: $425–675), Sidley Austin (Partners: $965–
24  1,180, Associates: not available), and Winston & Strawn (Partners: Average $930,
25  Associates: $560–750). Thus, the rates for attorneys at Arnold & Porter Kaye Scholer
26  LLP are all within the range of rates for attorneys of other comparable national law
27  firms listed in the National Law Journal survey.

28

MAYO DECL. ISO SECOND MOTION FOR POST-JUDGMENT COSTS AND FEES

23. Attached hereto as **Exhibit H** are true and correct copies of Sections 685.040, 685.070, and 685.080 of the California Code of Civil Procedure.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on April 9, 2021, in Mill Valley, California.

                                        */s/ Sharon D. Mayo*
                                        SHARON D. MAYO