SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JACKSON WAGENER (*pro hac vice*)
jwagener@ascap.com
American Society of Composers, Authors and Publishers
250 West 57th Street
New York, NY 10107
Telephone: (212) 621-6018
Facsimile: (212) 787-1381

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

W.B. MUSIC CORP., et al.,

Plaintiffs,

v.

ROYCE INTERNATIONAL BROADCASTING CORPORATION, et al.,

Defendants.

Case No. 5:16-cv-00600-JGB(SPx)

**DECLARATION OF JACKSON WAGENER IN SUPPORT OF SECOND MOTION FOR POST-JUDGMENT COSTS AND FEES**

**Jury Verdict: March 13, 2018**

Hearing Date: May 10, 2021
Time: 9:00 a.m.
Judge: Hon. Jesus G. Bernal
Courtroom: 1



US 169590357v3

I, Jackson Wagener, declare:

1. I have been employed by the American Society of Composers, Authors and Publishers ("ASCAP") as an attorney in ASCAP's New York City office since 2014, first as Vice President, Business and Legal Affairs, and, since July 1, 2020, as Senior Vice President, Business and Legal Affairs. I am admitted to practice before this Court via *pro hac vice* application. I have served as co-counsel of record for Judgment Creditors—all members of ASCAP—since my *pro hac vice* application was granted on April 12, 2017 (Dkt. No. 59). Except as otherwise stated, I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would testify competently to them.

2. I graduated from Stanford University with a Bachelor of Arts degree in 2000 and went on to receive a Master of Arts degree from Stanford the following year. I received a Juris Doctor degree from Columbia University in 2005. Since graduating law school, I have spent the last 15 years litigating intellectual property matters, the substantial majority of which involved copyright infringement. I was formerly an associate at the law firms of Weil, Gotshal & Manges LLP, and Greenberg Traurig, LLP, in New York, New York.

3. I am a member in good standing of the bar of the State of New York and the bars of the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Ninth Circuits.

4. As Senior Vice President, Business and Legal Affairs for ASCAP, I manage all copyright infringement litigation on a nationwide basis on behalf of ASCAP, including, specifically, the copyright infringement litigations through which ASCAP seeks to enforce its members' rights of public performance under the federal Copyright Act, 17 U.S.C. §§ 101, *et. seq*. In my nearly sixteen years as a copyright litigator and my seven years at ASCAP, I have developed special expertise in all

facets of copyright law and related litigation, particularly in matters involving the unauthorized public performance of copyrighted music.

5. Pursuant to the terms of the uniform membership agreement that ASCAP enters into with each of its members, including each of the Plaintiffs in this case, ASCAP has the authority to institute copyright infringement actions in the name of its members in order to enforce the members' copyrights. When ASCAP undertakes to enforce its members' rights of public performance pursuant to the membership agreement, ASCAP arranges for counsel to represent the members in resulting copyright infringement actions such as this case. In addition, ASCAP pays the legal fees for all copyright infringement lawsuits that it institutes on behalf of its members.

6. In this action, ASCAP was billed for Arnold & Porter Kaye Scholer LLP's services at the firm's standard hourly rates, less applicable discounts, and ASCAP paid for these services on behalf of Plaintiffs.

7. Attached hereto as **Exhibit A** is a true and correct summary of the total hours I have worked in connection with enforcing the Amended Judgment for which Plaintiffs seek recovery. As set forth in **Exhibit A**, Plaintiffs are seeking $18,056.00, calculated as 24.4 hours at an hourly rate of $740.00 per hour, for the work that I performed in connection with enforcing Plaintiffs' Amended Judgment and Second Amended Judgment since October 15, 2021. **Exhibit A** sets out the dates, specific tasks, and an accurate record of the time I spent on each task in performing this work.

8. I have specifically not itemized or included time spent in consultation with my co-counsel on any aspect of enforcing the Amended Judgment and Second Amended Judgment, and none of my work was duplicative of the work of co-counsel.

9. Although as in-house counsel I do not have a set billing rate as would be assigned to an attorney in private practice, I believe that an hourly rate of $740.00 would be reasonable—and in fact lower than prevailing market rates—for an attorney

practicing in Los Angeles or New York City, specializing in Intellectual Property law and litigation, and having 15+ years of experience.

10. The Court previously awarded to Plaintiffs attorneys' fees at an hourly rate of $740.00 for work that I performed in connection with the trial in this matter. The Court likewise awarded to Plaintiffs attorneys' fees at the same rate for work that I performed in attempting to enforce Plaintiffs' Amended Judgment through October 14, 2021.

11. On March 22, 2021, I met and conferred with Dariush Adli, counsel for Defendants, regarding the attorneys' fees incurred by Plaintiffs since their last fee motion in October 2021. During our telephone conversation, Mr. Adli asked whether Plaintiffs would agree to file a satisfaction of judgment if Defendants stipulated to release the funds held by the Court. I reminded Mr. Adli that Plaintiffs had incurred substantial attorneys' fees since their last fee motion was filed, responding to Defendants' repeated attempts to avoid paying the full amounts owed to Plaintiffs and to obstruct the work of the Receiver and have the Receivership terminated. I asked Mr. Adli whether Defendants would make Plaintiffs whole by paying those fees, and whether Defendants would dismiss their pending appeal of the Second Amended Judgment so that Plaintiffs would not need to incur further fees briefing that appeal. I informed Mr. Adli that if Defendants were not willing to make Plaintiffs' whole, Plaintiffs intended to file a motion to recover the attorneys' fees incurred since the last fee motion.

12. Mr. Adli did not respond to my requests that Defendants reimburse Plaintiffs for their fees, despite my specific, written follow-up requests on March 26 and April 1, 2021. On April 1, 2021, Mr. Adli responded to my last request regarding the attorneys' fees with the following: "Jackson: Our offer is a stip to have the money that is now with the court released to Plaintiff, in exchange for receiving

satisfaction of the 'Second Amended Judgment'." In response, I rejected Mr. Adli's offer and informed him that Plaintiffs would proceed with this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on April 9, 2021, at Denver, Colorado.

*/s/ Jackson Wagener*
JACKSON WAGENER

# EXHIBIT A

| Date | Timekeeper | Hourly Rate | Description of Services Performed | Time Billed | Amount |
|---|---|---|---|---|---|
| 10/16/2020 | Jackson Wagener | $740.00 | Review Defendants' Objection to Plaintiffs' Motion for Post-Judgment Costs and Fees and draft response thereto. | 0.60 | $444.00 |
| 10/21/2020 | Jackson Wagener | $740.00 | Review Defendants' Ex Parte Application for Order to Compel Plaintiffs to Accept Payment of the Amended Judgment and draft Plaintiffs' response thereto. | 5.20 | $3,848.00 |
| 11/06/2020 | Jackson Wagener | $740.00 | Review case law cited by Defendants in their Opposition to Plaintiffs' Motion for Post-Judgment Costs and Fees; draft Reply In Support of Plaintiffs' Motion for Post-Judgment Costs and Fees. | 5.50 | $4,070.00 |
| 11/23/2020 | Jackson Wagener | $740.00 | Review Defendants' Motion for Enforcement of Settlement Agreement and supporting papers. | 0.30 | $222.00 |
| 11/27/2020 | Jackson Wagener | $740.00 | Legal research regarding offer and acceptance of settlement agreements. | 2.20 | $1,628.00 |
| 11/28/2020 | Jackson Wagener | $740.00 | Begin drafting Opposition to Defendants' Motion for Enforcement of Settlement Agreement. | 4.70 | $3,478.00 |
| 11/29/2020 | Jackson Wagener | $740.00 | Proofread and revise Opposition to Defendants' Motion for Enforcement of Settlement Agreement. | 0.60 | $444.00 |
| 11/30/2020 | Jackson Wagener | $740.00 | Draft Mayo Declaration in Opposition to Defendants' Motion for Enforcement of Settlement Agreement | 0.60 | $444.00 |
| 02/03/2021 | Jackson Wagener | $740.00 | Review Defendants' Motion to Discharge the Receiver, Terminate the Receivership, and Enjoin Sale of Defendants' Radio Stations | 0.30 | $222.00 |
| 02/10/2021 | Jackson Wagener | $740.00 | Begin drafting Opposition to Defendants' Motion to Discharge the Receiver | 3.00 | $2,220.00 |
| 02/11/2021 | Jackson Wagener | $740.00 | Edit, proof, and revise Opposition to Defendants' Motion to Discharge the Receiver; draft Mayo declaration in Opposition to Defendants' Motion to Discharge the Receiver. | 1.40 | $1,036.00 |

**TOTAL HOURS: 24.4**
**TOTAL AMOUNT: $18,056.00**