UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **EDCV 16-600 JGB (SPx)**                                Date   May 7, 2021

Title   *WB Music Corp. et al. v. Royce International Broadcasting Corp. et al.*

---

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiffs' Motion for Post-Judgment Costs and Fees (Dkt. No. 416) and (2) VACATING the May 10, 2020 Hearing (IN CHAMBERS)**

Before the Court is Plaintiffs WB Music Corp. et al.'s ("Plaintiffs'") Motion for Post-Judgment Costs and Fees. ("Motion," Dkt. No. 416). The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court vacates the hearing set for May 10, 2021.

## I.   BACKGROUND

The Court assumes the parties are familiar with the full factual and legal background of this lengthy case and relates only those entries necessary to dispose of the instant motion.

Plaintiffs filed their Complaint on April 1, 2016, alleging eleven causes of action for willful copyright infringement against Defendants Royce International Broadcasting Corp. et al. ("Defendants"). (Dkt. No. 1.) The Court granted Plaintiffs' Motion for Partial Summary Judgment on June 21, 2017, finding Defendants jointly and severally liable for eleven acts of copyright infringement. (Dkt. No. 79.) On March 13, 2018, a jury found that Defendants' infringement had been willful and assessed damages totaling $330,000. (Dkt. No. 155.) The Court entered final judgment on May 22, 2018. ("Judgment," Dkt. No. 190.) The Court awarded Plaintiffs $864,278.75 in attorneys' fees and $43,333.34 in costs on July 9, 2018. ("First Fee Award," Dkt. No. 200.) Defendants' post-judgment conduct required the Court to appoint

a receiver (Mr. W. Lawrence Patrick, or "the Receiver") to oversee Defendants' radio stations on July 6, 2020. (Dkt. No. 284.)

On November 20, 2020, the Court awarded Plaintiffs $230,178.50 in costs and fees incurred attempting to enforce the Judgment. ("Second Fee Motion," Dkt. No. 320; "Second Fee Award," Dkt. No. 337.) Three days later, Defendants filed a motion to enforce a settlement agreement. (Dkt. No. 338.) The Court denied this Motion on December 18, 2020, finding that the parties did not agree to material terms of the settlement and noting that "Defendants' litigation conduct after September 2, 2020 [the date on which Defendants averred settlement had been reached] in no way suggests [Defendants] believed a settlement agreement had been reached." ("Order Denying Settlement," Dkt. No. 344 at 4, 5.) On January 13, 2021, the Court entered a Second Amended Judgment. (Dkt. No. 350.)

Litigation continued through the winter and early spring of 2021. On January 12, 2021, the Receiver filed an ex parte application for contempt against Defendant Ed Stolz ("Mr. Stolz"), which Defendants opposed and the Court granted-in-part and denied-in-part. (Dkt. Nos. 349, 351, 363.) On February 2, 2021, the Court found Mr. Stolz in contempt and issued a warrant for his arrest. (Dkt. No. 368.) On February 3, 2021, Defendants deposited the amount of the Second Amended Judgement with the Court and moved to discharge the Receiver. (Dkt. Nos. 367, 369.) Plaintiffs opposed and, after holding a hearing, the Court denied the motion to discharge the Receiver. (Dkt. Nos. 376, 411.)

On April 9, 2021, Plaintiffs filed the instant Motion, along with Declaration of Sharon D. Mayo ("Mayo Decl.," Dkt. No. 416-1) and exhibits A-H (Dkt. No. 416-2); and the Declaration of Jackson Wagener and exhibit ("Wagener Decl.," Dkt. No. 416-3). On April 19, 2021, Defendants opposed ("Opposition," Dkt. No. 419) and filed the Declaration of Dariush Adli (Dkt. No. 419-1) and Exhibits 1-10 (Dkt Nos. 419-2 through 419-11) in support. Plaintiffs replied in support of their Motion on April 26, 2021. ("Reply," Dkt. No. 420.) On April 29, 2021, the parties filed a stipulation for an order to release the funds currently deposited with the Court, which the Court APPROVES (separate order to follow). (Dkt. Nos. 421.)

## II.   LEGAL STANDARD

Section 505 of the Copyright Act provides that a district court may "allow the recovery of full costs by or against any party other than the United States or an officer thereof . . . the court may also award a reasonable attorneys' fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Section 505 grants courts wide "latitude to award attorney's fees based on the totality of the circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016).

The Supreme Court has held that a prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citation and internal quotation marks omitted). Reasonableness of the award is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of

hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 200) (internal citations omitted).

The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1993). Moreover, while counsel is "not required to record in great detail how each minute of his time was expended," he should "at least . . . identify the general subject matter of his time expenditures." Id. at 427 (quoting Hensley, 461 U.S. at 437). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 073, 978 (9th Cir. 2008) (internal citations omitted). For example, the court may reduce hours "where the documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

Section 505 of the Copyright Act neither expressly allows nor expressly bars recovery of post-judgment costs and fees. The search for applicable authority, then, begins with Fed. R. Civ. P. 69(a)(1): "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The Ninth Circuit has held that motions for fees incurred in obtaining judgments are "supplemental proceedings" such that Rule 69(a)(1) applies. Carnes v. Zamani, 488 F.3d 1057, 1060 (9th Cir. 2007).

California procedure thus governs the procedure for cost recovery. And California's Code of Civil Procedure does allow post-judgment costs and fees: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law." Cal. Civ. Proc. Code § 685.040.

Section 505 of the Copyright Act governs the "extent" to which Section 685.040 applies. And because Section 505 does not bar post-judgment fees, other Ninth Circuit district courts have awarded post-judgment costs and fees in copyright actions. See, e.g., Girlsongs & Warner Bros. v. Starkey, 108 F.R.D. 275, 278 (N.D. Cal. 1984) (awarding fees connected with post-judgment motions on supplemental motion); Odnil Music Ltd. v. Katharsis LLC, No. CIV S-05-0545WBSEFBP, 2008 WL 958109, at *2 (E.D. Cal. Apr. 8, 2008), report and recommendation adopted, No. S-05-0545 WBS EFB, 2008 WL 1930301 (E.D. Cal. May 1, 2008).

### III.  DISCUSSION

Plaintiffs seek to recover $107,523.20 in attorneys' fees and $308.66 in costs. (Motion at 2.) Defendants oppose for several reasons, each of which the Court considers in turn.

//

### A. Bad-Faith Litigation

Defendants argue that Plaintiffs should be awarded no attorneys' fees because they have litigated in bad faith by 1) denying the existence of a settlement agreement and 2) filing the Second Fee Motion, which prevented Defendants from satisfying the Judgment in full. (Opposition at 1-2.) Defendants argue that the necessity of the Second Fee Motion could have been "avoided if Plaintiffs did not breach the agreement for the settlement amount." (Opposition at 3.)

This argument borders on sanctionable frivolity. Not only were Plaintiffs' opposition to enforcement of the purported settlement agreement and Second Fee Motion not in bad faith – the Court <u>agreed</u> with Plaintiffs in each of those circumstances. Plaintiffs were <u>correct</u> that there was no settlement agreement and <u>correct</u> that they merited post-judgment costs and fees. Plaintiffs have not sought fees and costs in bad faith.

### B. Inflation of Attorneys' Fees

Defendants next argue that Plaintiffs have inflated the requested fees, because Plaintiff ASCAP's in-house counsel, Jackson Wagener ("Mr. Wagener"), estimated on April 1, 2021, that outside counsels' fees would total approximately $50,000 – less than half of the total fee award Plaintiffs now request. (Opposition at 3-4, citing "Wagener Email," Dkt. No. 419-2 at 2.) A quick back-of-the-envelope calculation shows that Plaintiffs had instead incurred approximately $70,000 in outside counsel fees before April 1, 2021. (<u>See</u> "Outside Counsel Billing Records," Dkt. No. 416-2.) It is true that this is a higher figure than Mr. Wagener's estimate; however, Defendants' claim that this figure "more than doubled" between the April 1, 2021 estimate and the filing of the Motion is mathematically incorrect. (<u>See</u> Opposition at 4.) Moreover, Defendants offer no authority to support the proposition that Plaintiffs must be held to a quick email estimate. Additionally, nothing in Mr. Wagener's email suggests that he was not keeping contemporaneous records, as Defendants claim. (<u>Id.</u> at 10.) The Court finds that this exchange was not an inflation of attorneys' fees.

### C. Recovery of Fees In-House Counsel Tasks

Defendants argue that Plaintiffs inappropriately seek reimbursement for work performed by in-house counsel. In-house counsel cannot be awarded fees for duplicative work or for acting as a liaison to outside counsel. <u>Milgard Tempering, Inc. v. Selas Corp. of Am.</u>, 761 F.2d 553, 558 (9th Cir. 1985). However, the activities for which Mr. Wagener have billed are the typical provision of outside counsel, including research and drafting. (<u>See</u> "Wagener Billing Records," Dkt. No. 416-3 at 7.) The Court finds that Plaintiffs have not inappropriately billed for Mr. Wagener's work.

//
//
//

### D.  Adjustment of Fee Rates

Plaintiffs seek to recover fees for work performed by their attorneys at the following hourly rates: senior counsel Sharon Mayo, $976.50, up from $895.50 in 2020; associate Laura Watson, $706.50, up from $607.50 in 2020; associate Cassandra Havens, $607.50 in 2020; in-house counsel Jackson Wagener, $740.00. (Mayo Decl. ¶¶ 16, 18-19; Wagener Decl. ¶ 9.) Plaintiffs represent that these rates are in line with national-level firms similar to Arnold & Porter, including Cooley LLP, Gibson Dunn & Crutcher, and Jones Day. (Mayo Decl. ¶¶ 21-22.) Defendants contend that these rates are too high, because the average hourly rate for intellectual property lawyers according to the 2020 Legal Trends Report is $351, and the rates exceed those recommended by the American Intellectual Property Law Association. (Opposition at 13-14.) The Court finds that Plaintiffs' comparison is more apt; Arnold & Porter is a national-class law firm litigating a complex case that has sprawled to include a receivership, contempt sanctions, and multiple appeals to the Ninth Circuit. Furthermore, these rates are similar to those that the Court has already approved. The Court therefore finds Plaintiffs' fees are reasonable.

### E.  Other Objections

Defendants contend that Plaintiffs' billing is duplicative. (Opposition at 9; see "Annotated Billing Records," Dkts. No. 419-3, 419-4.) The Court finds that Plaintiffs have billed for duplicative work several times, including .2 hours by Sharon Mayo on 11/3/20; .2 hours of Sharon Mayo on 11/9/2020; and several entries by Sharon Mayo on 1/29/21. (Id.) Defendants additionally contend that Plaintiffs have improperly block-billed several of these entries. (Opposition at 11.) The Court finds upon reviewing the Annotated Billing Records that this is the case. Finally, Defendants contend that Plaintiffs have billed for hours spent on a withdrawn pleading. (Opposition at 4.) The Court finds that this is not the case; Plaintiffs have billed for the withdrawn, refiled, and granted motion only once. (See Outside Counsel Billing Records.) The Court finds that reducing outside counsels' fees by 5% cures these deficiencies and lowers the requested fees by $4,473.36.

## IV.  CONCLUSION

For the above reasons, the Court GRANTS Plaintiffs' Motion and awards Plaintiffs $103,049.84 in fees and $308.66 in costs.

**IT IS SO ORDERED.**