Dariush G. Adli, SBN 204959
  adli@adlilaw.com
ADLI LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 1460
Los Angeles, California 90025
Telephone: (213) 623-6546
Facsimile: (213) 623-6554

Attorneys for Defendants
Royce International Broadcasting
Corporation, Playa Del Sol Broadcasters,
Silver State Broadcasting, LLC, Golden
State Broadcasting, LLC, and Edward R.
Stolz, II

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| WB MUSIC CORP. et al., | CASE NO.: 5:16-cv-00600-JGB (SPx) |
| Plaintiffs, | Hon. Jesus G. Bernal |
| v. | **DEFENDANTS' REQUEST FOR UPDATED STATUS RE: TERMINATION OF RECEIVERSHIP** |
| ROYCE INTERNATIONAL BROADCASTING CORP., et al., | |
| Defendants. | |

# DEFENDANTS' REQUEST FOR UPDATED STATUS RE: TERMINATION OF RECEIVERSHIP

## I. INTRODUCTION

On March 10, 2021, at the hearing of Defendants' Motion to Terminate the Receivership, Dismiss the Receiver, and Enjoin the Sale of the Radio Stations ("**Termination Motion**") [Dkt. 369], the Court denied the Termination Motion and stated that it intends to continue the Receivership.

On March 11, 2021, Defendants filed a Status Report ("**Status Report**") which, among other topics, requested clarification on the status of the Receivership, and sought guidance as to further action which would be necessary for the Court to order a winding up or termination of the Receivership. [Dkt. 409.]

On March 18, 2021, the Court issued a Minute Order regarding the Termination Motion ("**Minute Order**"). [Dkt. 413.]

Defendants resubmit their request for guidance from the Court as to what further actions are required prior to termination of the Receivership and a return of the Radio Stations to Defendants.

## II. DEFENDANTS SEEK AN UPDATED STATUS REGARDING THE RECEIVERSHIP, GIVEN TERMINATION OF THE RECEIVERSHIP WOULD CAUSE NO PREJUDICE

The Minute Order noted, "the Court could terminate the receivership at this juncture" but nonetheless declined to do so, "in order to ensure that the satisfaction of the judgments in the instant case has not prejudiced other creditors." [Dkt. 413 at p.3.] The Minute Order referred to a creditor whose sum has been reduced to judgment, Bellaire Tower Homeowners Association ("**Bellaire**").

The Court, however, did not clarify how long it would hold the Receivership open to ensure there is no prejudice to Bellaire. Given a continuation of the Receiver's services, in this case, will only further deplete the assets of Defendants and/or

Receivership, it is difficult to see how such a result is in Bellaire's interest. This is especially so not only because Bellaire already has their own case and judge to protect their interests, but also because Defendants have openly indicated they intend to vigorously challenge any consummated sale of the three Radio Stations, on the basis such a sale would be excessive and improper given the Bellaire judgment is a fraction of the value of even one of those assets.[1] Defendants believe such a challenge would clearly have merit, and would delay resolution of Bellaire's judgment.

Moreover, it is difficult to see how Bellaire would be harmed if the Receivership is discharged and the three Radio Stations are returned to Defendants, since those are the very assets which would ensure Defendants' solvency to pay the Bellaire judgment (several times over), if and when necessary. Given the same Receiver in this case is assigned to the Bellaire case, there is even less cause for concern that Bellaire could be prejudiced by dismissal of the Receivership here.

*Consolidated Railroad Corporation v. Fore River Ry. Co.,* 861 F.2d 322, 327-28 (1st Cir. 1988) ("*Consolidated Railroad*") is an out-of-Circuit authority that stands for the proposition that a court may expand the mandate of a receiver. This Court cited *Consolidated Railroad* in its Minute Order with approval. In this litigation, however, there has **never** been an order expanding the mandate of the Receiver, even though Bellaire had given notice of its judgment prior to the Receivership's appointment. The sole purpose for maintaining the Receivership – payment of Plaintiffs' judgment(s) – has been satisfied, so *Consolidated Railroad* does not appear to support continuation of the Receivership. In the words of *Consolidated Railroad*, "[w]hen the reason for

---

[1] Even if one were to take the sum of (a) the proposed Third Amended Judgment; (b) an estimate of the Receiver's costs; (c) the Bellaire judgment; and (d) all three prospective third-party creditor claims mentioned in prior briefing by the Receiver/Plaintiffs, that sum could not reasonably exceed the value of even one Radio Station. This is further evidence that the instant litigation is far from the "rare" case where the Receiver would be justified in liquidating the Receivership's assets, let alone all three Radio Stations. *See S.E.C. v. TLC Investments & Trade Co.*, 147 F. Supp. 2d 1031, 1036 (C.D. Cal. 2001).

continuing the receivership has ceased, the property should be discharged and restored to the owner." *Id*. at 327.

If the Court disagrees with Defendants' analysis, Defendants respectfully seek guidance from the Court on where and how they have misinterpreted the mandate of the Receivership. At the very least, Defendants submit that, in light of the amount of the Bellaire judgment, the proposed sale in its current form (i.e., of all three Radio Stations) is patently improper.

### III. DEFENDANTS SEEK A FINAL ACCOUNTING FROM THE RECEIVER, SO THE AMOUNT OWED CAN BE ADJUDICATED AND PAID

The Minute Order referred to the fact that, "courts normally do not terminate receiverships until the Receiver prepares a final accounting." [Dkt. 413 at p.3.] While Defendants acknowledge this accurately recites the law, it is less clear why the Court has not yet ordered a final accounting; the Receiver should be asked to do so.

The Minute Order cited with approval *Bruser v. Bank of Hawaii*, No. CV 14-00387 LEK-RLP, 2020 WL 5845713 (D. Haw. Sept. 30, 2020) ("*Bruser*"). However, unlike in *Bruser*, the Court here is *not* requiring the Receiver to "file a final accounting with the Court and perform any other action necessary *to wind up* the receivership by a specified date." In fact, by keeping the Receivership alive with no specified end date, the Court is preventing the very "wrap up" which *Bruser* calls for.

Defendants cannot satisfy the Receiver's legitimate costs until and unless the Court orders them to wind up the Receivership and submit an accounting to the Court. This is what the *Bruser* court did. In *Bruser*, the court appointed a receiver and charged it with a mandate to accumulate funding sufficient to satisfy liability. *Id*. at *4. Once that goal had been accomplished, the *Bruser* court stated:

> the receiver must take the necessary steps to wind up the Receivership. To that end, the Receiver is hereby ordered to…. file a final accounting

      with the [c]ourt; and perform any other action necessary to wind up the receivership.  *Bruser,* 2020 WL 5845713, at *5.

Thus, the *Bruser* court ordered the receiver to "wrap up" because its purpose had been accomplished.  *Id.*  In light of *Bruser*'s holding, Defendants are puzzled by the logic of the Minute Order.  The Court seems to be refusing to order the Receiver to "wind up" so that an accounting can be done, which is, in essence, simply allowing the Receiver to continue to allow the Receiver to accumulate costs.  Defendants therefore read *Bruser* as supporting *Defendants'* position first laid out in their Termination Motion: the Receivership should not continue unimpeded, but rather, it should instead submit a final accounting in anticipation of termination.

If the Court disagrees with Defendants' interpretation of *Bruser*, then Defendants respectfully seek the guidance requested in their Status Report – Defendants sincerely wish to know what further steps they should take here, since as of this filing the Receiver has made no formal or informal demands for payment, despite Defendants' repeated request. [Dkt. 409.]

Otherwise, Defendants respectfully reiterate their request for a briefing schedule to expeditiously be set on the Receiver's final accounting, so that amounts owed can be adjudicated.

## IV.  CONCLUSION

Defendants seek a winding up and termination of the Receivership, and restoration of the entirety of their three Radio Stations back to them.

The *Bruser* court's position on return of receivership property to its rightful owner, once judgment has been satisfied, is unequivocal: "A receivership once imposed ... should be terminated and control returned to those who own the business as soon as the reason for its imposition ceases." *Id*. at *4 (emphasis added).  This echoes Ninth Circuit authority, which states, "[a] receivership may interfere seriously with a

defendant's property rights" and therefore is "an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property." *Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009).

Whatever the Court's opinion of Defendants' past conduct, Defendants submit it is apparent their property rights have been seriously interfered with by the Receivership, and any necessity for such a remedy has now passed. The sole objective of this filing is, therefore, to obtain clarity on how to resolve this litigation.

Defendants believe the sale of the Radio Stations should be enjoined and the Receiver compelled to submit a final accounting for adjudication, in anticipation of winding up and termination. If the Court disagrees, Defendants ask for guidance as to what further steps they can take to cause these events to happen.

ADLI LAW GROUP, P.C.

Dated: May 21, 2021         */s/ Dariush G. Adli*
                            Dariush G. Adli
                            Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on May 21, 2021:

**DEFENDANTS' REQUEST FOR UPDATED STATUS RE: TERMINATION OF RECEIVERSHIP**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I certify under penalty of perjury that the foregoing is true and correct. Executed May 21, 2021 at Los Angeles, California.

Date: May 21, 2021   */s/ Dariush G. Adli*
                    Dariush G. Adli