SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JACKSON WAGENER (*pro hac vice*)
jwagener@ascap.com
American Society of Composers, Authors and Publishers
250 West 57th Street
New York, NY 10107
Telephone: (212) 621-6018
Facsimile: (212) 787-1381

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WB MUSIC CORP., et al.<br><br>    Plaintiffs,<br><br>v.<br><br>ROYCE INTERNATIONAL BROADCASTING CORP., et al.,<br><br>    Defendants. | Case No: 5:16-cv-00600-JGB(SPx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM ORDER ESTABLISHING RECEIVERSHIP AB INITIO, SECOND AND THIRD AMENDED JUDGMENTS, JUNE 21, 2021 ORDER AND FINAL ACCOUNTING ORDER OF FEBRUARY 22, 2023**<br><br>Hearing Date: September 25, 2023<br>Time: 9:00 a.m.<br>Judge: Hon. Jesus G. Bernal<br>Courtroom: 1 |

## Table of Contents

PRELIMINARY STATEMENT ................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY .........................2

    I.    The Amended Judgment and Appointment of W. Lawrence Patrick as Receiver. ...............................................................2

    II.   Defendants' Various Attempts to Have the Receivership Terminated. ..........................................................................2

    III.  Windup of the Receivership. ......................................................4

ARGUMENT ....................................................................................4

    I.    This Court Previously Has Considered And Properly Rejected Defendants' Various Attempts To Terminate And/Or Unwind The Receivership. ......................................................................5

    II.   Defendants Fail To Assert A Fraud On The Court. .....................6

    III.  The Assertions Underlying Defendants' Fraud on the Court Theory Already Have Been Considered and Rejected by this Court ...........................................................................................8

    IV.  Defendants' Claim That The Court Was Divested Of Jurisdiction Because the Receiver Failed to Swear An Oath is Factually Inaccurate and Unsupported As A Matter of Law ............9

        A.   The Receiver Properly Swore an Oath of Loyalty .........................9

        B.   Defendants (Again) Cite No Authority for the Proposition that the Failure to Swear an Oath Constitutes a Jurisdictional Issue that may be Raised at any Time. ..............10

CONCLUSION ................................................................................11

PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 60 MOTION

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Toscano v. Commissioner of Internal Revenue*,
   441 F.2d 930 (9th Cir. 1971) .........................................................................7

*U.S. v. Int'l Tel. & Telegraph*,
   349 F. Supp. 22 (D. Conn. 1972) *aff'd sub nom. Nader v. U.S.*, 410
   U.S. 919 (1973)...............................................................................................7

*Valerio v. Boise Cascade Corp.*,
   80 F.R.D. 626 (N.D. Cal. 1978) *aff'd*, 645 F.2d 699 (1981), *cert.
   denied*, 454 U.S. 1126 (1981)........................................................................7

## Other Authorities

Federal Rules of Civil Procedure Rule 60 ..............................................*passim*

Federal Rules of Civil Procedure Rule 11 ...................................................1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 60 MOTION

Plaintiffs WB Music Corp., But Father I Just Want to Sing Music, Hunterboro Music, Universal Polygram International Publishing, Inc., Sony/ATV Tunes LLC, Obverse Creation Music, Nice Hair Publishing, Party Rock Music, Yeah Baby Music, ESKAYWHY Publishing, Uh Oh Entertainment, Divine Mill Music, Fingaz Goal Music, EMI April Music Inc., Hi Mom I Did It, Chebra Music, and Universal Music Corp. ("Plaintiffs"), through their undersigned counsel, hereby oppose Defendants' Motion for Relief from Order Establishing Receivership *Ab Initio*, Second and Third Amended Judgments, June 21, 2021 Order, and Final Accounting Order of February 22, 2023, pursuant to Rule 60 of the Federal Rules of Civil Procedure (the "Rule 60 Motion").

## PRELIMINARY STATEMENT

More than five years after the conclusion of the jury trial in this matter and more than two years since finally satisfying the Third Amended Judgment entered against them, Defendants have filed *yet another* baseless motion seeking, among other things, to terminate the receivership and, apparently, to have the Second and Third Amended Judgments retroactively overturned.  Despite having filed a motion based on a purportedly "new" legal theory, the reality is that there is nothing new to see here.  This Court and the Ninth Circuit previously have considered the arguments now rehashed by Defendants in their Rule 60 Motion and found them to be entirely without merit.  As before, Defendants' arguments remain incorrect as a matter of law, unsupported by any facts, and entirely frivolous.[1]  And, as before, the Court should decline either to retroactively terminate the receivership put in place only after Defendants refused for more than two years to pay the Amended Judgment, or to retroactively overturn the Second and Third Amended Judgments that were entered

---

[1] On August 28, 2023, Plaintiffs' counsel sent counsel for the Defendants a Rule 11 "safe harbor letter" and draft Motion for Rule 11 Sanctions providing Defendants 21 days to withdraw the Motion before Plaintiffs proceed to ask this Court for Rule 11 sanctions against Defendants and their counsel.

1  so Plaintiffs could recover their costs incurred from Defendants' bad-faith litigation

2  conduct and collection avoidance tactics.

3  ## RELEVANT FACTS AND PROCEDURAL HISTORY[2]

4  ## I.  The Amended Judgment and Appointment of W. Lawrence Patrick as

5  ## Receiver.

6         Following entry of the Amended Judgment against Defendants on August 6,

7  2018, Plaintiffs immediately undertook efforts to collect the judgment.  Because

8  Defendants engaged in obstructionist conduct during the collections process,

9  Plaintiffs filed a motion on June 14, 2019 requesting that the Court appoint a receiver

10  to assume control of Defendants' radio stations in order to obtain the fair and orderly

11  satisfaction of the Amended Judgment.  Dkt. 239.  Plaintiffs' Motion to appoint the

12  Receiver ultimately was granted more than a year later, on July 6, 2020 (Dkt. 284),

13  after the Court had first given Defendants every opportunity to satisfy the Amended

14  Judgment by selling their radio stations through their own preferred broker, and only

15  after Defendants had failed to demonstrate any progress whatsoever in such efforts

16  over the course of the intervening year.  (*See, e.g.*, Plaintiffs' various status reports,

17  Dkt. Nos. 266, 267, 269, 270).

18  ## II. Defendants' Various Attempts to Have the Receivership Terminated.

19         Very soon after the District Court appointed the receiver, Defendants

20  conveniently claimed to have obtained funds sufficient to pay the Amended

21  Judgment.  Instead of writing a check to actually *pay* the Amended Judgment,

22  however, Defendants moved on an *ex parte* basis to have the receivership terminated

23  on the grounds that they were "*prepared* to satisfy" the judgment and that they would

24  be irreparably harmed if the sale of the Radio Stations—which they characterized as a

25  _____

26  [2] The Rule 60 Motion largely focuses on allegations of error or misconduct by the
Receiver.  Those allegations, which are entirely without merit, are addressed in
additional detail in the opposition to the Rule 60 Motion concurrently filed by the

27  court-appointed receiver, W. Lawrence Patrick (the "Receiver").  Plaintiffs join in the
arguments set forth in the Receiver's opposition, and focus in this brief on issues

28  directly implicating Plaintiffs and/or Plaintiffs' counsel.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 60 MOTION

1    "fire sale"—was allowed to go forward.  Dkt. 308.  This Motion, denied by the Court

2    on October 9, 2020 (Dkt. 314), represented the first of multiple attempts by

3    Defendants to have the receivership terminated by this Court or the Ninth Circuit.

4    The other attempts included:

- Defendants' October 21, 2020 Motion to Compel the Plaintiffs to Accept Payment of the Amended Judgment (Dkt. 321), granted in part and denied in part on October 29, 2020 (Dkt. 327);

- Defendants' November 23, 2020, Motion to enforce a supposed "settlement agreement" with ASCAP (Dkt. 338), denied on December 18, 2020 (Dkt. 344);

- Defendants' second Motion to Terminate the Receivership, filed on February 3, 2021 (Dkt. 369), denied on March 18, 2021 (Dkt. 413), and denial affirmed in all respects by the Ninth Circuit (Dkt. 501);

- Defendants' Emergency Motion Under Circuit Rule 27-3 to Dismiss the Receiver, Terminate the Receivership, and Enjoin Sale of the Radio Stations filed in the Ninth Circuit on March 30, 2021 (Dkt. 3 in Ninth Circuit Case No. 21-55264, attached as Ex. 1 to the Declaration of Sharon D. Mayo ("Mayo Decl.")), and denied on April 29, 2022 (Dkt. 422); and

- Defendants' Petition for Writ of Mandamus or Other Extraordinary Relief, requesting an Immediate Injunction Prohibiting Sale of Radio Stations filed in the Ninth Circuit on June 16, 2021  (Dkt. 1 in Ninth Circuit Case No. 21-71129, Mayo Decl. Ex 2), denied on June 21, 2021 (Dkt. 438).

25        As the Court and the Ninth Circuit repeatedly have held, the Receivership was

26   initially put in place for the purpose of ensuring the orderly collection of Plaintiffs

27   Amended Judgment.  However, as a result of Defendants' obstructionist conduct, the

Court properly determined that it should maintain the receivership for the protection of other creditors—including the Receiver—and to allow Plaintiffs to recover the significant funds they expended during the collections process, as awarded in the Second and Third Amended Judgments in this matter.

### III. Windup of the Receivership.

On June 2, 2021, following Defendants' satisfaction of the Third Amended Judgment in this matter, the Court issued an order directing the orderly windup and termination of the receivership following satisfaction by the Defendants of the Receiver's final accounting. Dkt. 432. The Ninth Circuit reviewed this Order and determined that the approach for winding up the receivership as set forth therein was "reasonable and appropriate." Dkt. 501 at pp. 19-20.

## ARGUMENT

During the course of their seriatim efforts to have the Receivership terminated and/or retroactively unwound to November 9, 2020 (or any of the other various dates prior to full satisfaction of the Third Amended Judgment), Defendants already have asserted virtually every argument that they advance in their instant Rule 60 Motion. Those arguments have been properly and emphatically rejected by both this Court and the Ninth Circuit. There is no reason to revisit these issues *yet again*.

To the extent that the Rule 60 Motion purports to assert new legal theories (*i.e.*, that there has been a "fraud on the Court," that the Receiver failed to swear an oath, or that failure to swear an oath is a jurisdictional matter that may be raised at any time), those theories fail as a matter of law. More to the point, those various "new" theories still rest on the same faulty foundation as Defendants' previous attempts to unwind the receivership. The Court should not accept Defendants' latest invitation to relitigate issues that it already has considered—and, per the Ninth Circuit, correctly decided—numerous times before.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 60 MOTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.    This Court Previously Has Considered And Properly Rejected Defendants' Various Attempts To Terminate And/Or Unwind The Receivership.**

Defendants' claim that the First Amended Judgment was satisfied in November 2020 and that, as a result, the Receivership should be retroactively unwound to that date (or some other alternative date), has been rejected multiple times by this Court and the Ninth Circuit. This Court already has considered the cases *again* cited—inaccurately—by Defendants in their Rule 60 Motion (*see, e.g.*, Rule 60 Motion at pp. 23) and properly concluded that the "[t]ermination of a receivership is an equitable question" and "neither the legal nor the factual equities favor Defendants." Dkt. 413 at p. 3. The Ninth Circuit agreed, rejecting Defendants' contention that a district court lacks jurisdiction to prolong a receivership once a judgment has been satisfied, explicitly noting that "the authorities are *uniformly to the contrary*." (emphasis added). Dkt. 501 at p. 19.

Moreover, in denying Defendants' first motion to terminate the receivership, the Court explained that the rationale for continuing the receivership has been "Defendants' *repeated stonewalling, failure to comply with the Court's orders, and inexplicable delay* in taking steps to satisfy the Amended Judgment, all of which led the Court to approve the receivership in the first place." (Dkt. 314 at p. 3) (emphasis added). The Court further explained that:

> [G]iven Defendants' *repeated failure to comply with the Court's post-judgment orders*, the Court has limited confidence in Defendants' commitment to satisfy the Amended Judgment expeditiously. If Defendants wish to attempt to prevent the sale of the radio stations by satisfying the Amended Judgment *and other post-judgment costs*, they are welcome to do so. The Court will not entertain discharging the Receiver and terminating the Receivership absent evidence of satisfaction of the Amended Judgment. (*Id.* (emphases added))

5

In short, the Court was "forced to appoint the Receiver because Defendants failed to satisfy the Amended Judgment for <u>two years,</u>" and declined to terminate the Receivership because it "[could not] trust Defendant Ed Stolz's representations that he [would] satisfy amounts due in the future."  Dkt. 413 at p. 3.  The Ninth Circuit agreed, finding that "[g]iven Defendants' history of nonpayment, the [district] court understandably declined to trust" Mr. Stolz.  Dkt. 501 at p. 20.

The Ninth Circuit also found: (i) that the Court "denied the motion to terminate the receivership for legitimate reasons—to protect creditors, to permit the Receiver to prepare a final accounting, to ensure that the Receiver would be compensated for his time and to ensure that obligations incurred during the receivership would be paid; (ii) that the Court "reasonably concluded that 'the factual equities do not favor Defendants'"; and (iii) that the approach for winding up the receivership as set forth in the June 2, 2021 order was "reasonable and appropriate."  *Id*. at pp. 19-20.

This is not even a close call.  The Court should dismiss the Rule 60 Motion on the grounds that it rehashes tired arguments that repeatedly have been rejected both by this Court and by the Ninth Circuit.  Defendants' attempts to recast these same arguments under the guise of a "fraud on the court" or that the Court "lacked jurisdiction" once the Defendants deposited funds with the Court necessary to satisfy the Amended Judgment do not change the inevitable outcome:  no matter how thin they slice it, the arguments are still baloney.

## II.     Defendants Fail To Assert A Fraud On The Court.

As Defendants' acknowledge, Rule 60 relief sounding in "fraud" generally is subject to a one-year statute of limitations.  *See* Rule 60 Motion at p. 6.  Because the supposedly fraudulent conduct complained of by Defendants occurred in 2020, Defendants' claims that the Second and/or Third Amended Judgments were procured by fraud clearly are time-barred.  To avoid that unavoidable conclusion, Defendants mischaracterize their claims as being rooted in a theory of "fraud on the court"

PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 60 MOTION

1   because, as Defendants note, the one-year limitations period does not apply to claims

2   of fraud on the court.  But merely labeling an alleged fraud as a purported "fraud on

3   the court" does not make it so.

4         The phrase "fraud on the court" is "to be read narrowly, in the interest of

5   preserving the finality of judgments, which is an important legal and social interest."

6   *Toscano v. Commissioner of Internal Revenue*, 441 F.2d 930, 934 (9th Cir. 1971).

7   The type of conduct that rises to the level of a fraud on the court has been

8   summarized as follows:

> Generally speaking, only the most egregious misconduct, such as bribery
> of a judge or members of a jury, or the fabrication of evidence by a party
> in which an attorney is implicated, will constitute a fraud on the
> court.  Less egregious misconduct, such as nondisclosure to the court of
> facts allegedly pertinent to the matter before it, will not ordinarily rise to
> the level of fraud on the court.

*U.S. v. Int'l Tel. & Telegraph*, 349 F. Supp. 22, 29 (D. Conn. 1972*) aff'd sub nom.*

*Nader v. U.S.*, 410 U.S. 919 (1973).

      Defendants' claims of supposedly "fraudulent" conduct—ASCAP's purported

refusal to accept payment and subsequent decision to terminate settlement

discussions; the Receiver's alleged failure to take an oath and/or refusal to enter a

satisfaction of judgment; and the supposed "scheme" not to enter a satisfaction of

judgment—are simply insufficient to support a claim of fraud on the court *even if*

those allegations rested on a solid factual foundation (and as set forth below, they do

not).  *See, e.g.*, *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 640-42 (N.D. Cal.

1978) *aff'd*, 645 F.2d 699 (1981), *cert. denied*, 454 U.S. 1126 (1981) (rejecting that a

claim for fraud on the court had properly been asserted when a class of plaintiffs

contended that their class attorneys had failed to advise the court of various pertinent

facts and had misrepresented other facts).  As a result, the Court should reject

Defendants' "fraud on the court" theory as a matter of law.

7

### III.   The Assertions Underlying Defendants' Fraud on the Court Theory Already Have Been Considered and Rejected by this Court

Virtually all of the assertions relied on by Defendants in support of their supposed "fraud on the court" theory already have been considered and rejected by this Court.  For this additional reason, even if Defendants' properly had asserted a fraud on the court theory—and they have not—the Court should deny the Rule 60 Motion.

Parroting their earlier Motion to enforce a supposed "settlement agreement" with ASCAP (Dkt. 338), Defendants assert in the Rule 60 Motion that ASCAP improperly refused to accept payment from Defendants during the August-September 2020 timeframe and/or that it made a "false promise of settlement."  Rule 60 Motion, pp. 7-9.  In rehashing this argument, Defendants do not address this Court's specific findings in rejecting Defendants' arguments the first time around.  For example, in finding that no such settlement was reached, the Court opined that ASCAP's insistence on receiving payment within 24 hours was "a *reasonable and prudent* material term of the settlement contract" and that no subsequent agreement was reached when Defendants failed to comply with those terms.  The Court also correctly observed that "Defendants' [own] litigation conduct after September 2, 2020 in no way suggests [they] believed a settlement agreement was reached."  Dkt. 344 at pp. 5-6.

Similarly, Defendants' claim that the sale of their Radio Stations arranged by the Receiver constituted a "fire sale" for the sole purpose of enriching the Receiver (rehashed in the Rule 60 Motion at pp. 12-13; *see also* pp. 14-5) also was considered and flatly rejected.  As this Court recognized:

> The Court appointed a Receiver only after providing Defendants ample opportunity to sell the radio stations through their chosen broker to satisfy the Amended Judgment, to no avail.  Moreover, the Receivership Order required the Receiver to report to the Court any firm offers for purchase, and established that any sale would be subject

8

to the Court's approval. . . . Despite Defendants' failure to provide the necessary documents and items for the Receiver to carry out its duties, the Receiver secured a bona fide offer to purchase the radio stations.  After reviewing the offer to purchase the radio stations, along with the Receiver's recommendation that the offer be accepted, the Court authorized the Receiver to accept that offer.  Dkt. 314 at p. 3.

Finally, Defendants' fantastical notion that there was a scheme between ASCAP, the Receiver, and Defendants' prior counsel, Dariush Adli, is based on rank conjecture and is patently absurd.  That there was no "scheme" to hide anything from the Court is evident upon review of the record, which establishes that the Court was fully apprised of the facts—and the parties' respective positions—regarding, among other things: (i) the rationale behind ASCAP's refusal to accept Stolz's promise of payment of the Amended Judgment (*see, e.g.*, Dkt. Nos. 321, 322, & 327); (ii) Defendants' deposit of funds with the Court to comply with the Court's order (Dkt. Nos. 327, 333, and 336); and/or (iii) the rationale for Plaintiffs' refusal to enter a Satisfaction of Judgment in the matter until all of the amounts due to them were paid.

The Court need not, and should not, revisit any of these issues.

## IV.   Defendants' Claim That The Court Was Divested Of Jurisdiction Because the Receiver Failed to Swear An Oath is Factually Inaccurate and Unsupported As A Matter of Law

### A.   The Receiver Properly Swore an Oath of Loyalty

The purported "bad act" undergirding Defendants' Rule 60 Motion is their claim that the Receiver failed to swear an oath of loyalty.  According to Defendants, this purported failure divests the Court of jurisdiction and sets the table for the supposedly conspiratorial conduct that constitutes the alleged "fraud on the court." Defendants have the facts all wrong.

On June 19, 2019, in connection with Plaintiffs' Motion to Appoint a Receiver, Mr. Patrick swore under penalty of perjury an oath that he was "ready, willing, and

9

1   able to serve as the receiver for the various entities that currently own and operate

2   those stations (the 'Operating Entities')" and that "[i]n [his] role as receiver, [he]

3   would devote [his] time to running the respective Operating Entities and managing

4   the affairs of such entities, as necessary, perform duties on-site as needed, and fully

5   honor the fiduciary obligations imposed by such an appointment."  Dkt. 239-1, ¶¶ 20–

6   21.  Defendants did not challenge the existence or sufficiency of Mr. Patrick's oath in

7   opposing Plaintiffs' original or renewed motions to appoint Mr. Patrick as the

8   receiver, or in any of Defendants' multiple motions since then seeking to terminate

9   the receivership.

10        Moreover, Defendants' failure to squarely address the facts in their Rule 60

11   motion is particularly egregious because they made this argument—albeit

12   improperly—in the Ninth Circuit, and were specifically directed by Plaintiffs to the

13   factual record of Mr. Patrick's June 19, 2019 statement under penalty of perjury.  *See*

14   Defendants' Opening Brief in Ninth Circuit Case No. 21-55264 at pp. 14-16 (Dkt. 22

15   in Ninth Circuit Case No. 21-55264, Mayo Decl. Ex. 3), and Plaintiffs' Answering

16   Brief in Ninth Circuit Case No. 21-55264 at 25 (Dkt. 49 in Ninth Circuit Case No.

17   21-55264, Mayo Decl. Ex. 4).  The Ninth Circuit rightly determined that Defendants

18   had "forfeited" the argument by failing timely to raise the issue.  Dkt. 501 at pp. 13-

19   15.  Defendants say nothing about Mr. Patrick's June 2019 oath in their Rule 60

20   motion, and simply ignore that it exists.

21        Defendants' contention that the Receiver failed to swear an oath is both

22   factually incorrect, and not candidly presented to the Court.

23        **B.**     **Defendants (Again) Cite No Authority for the Proposition that**

24             **the Failure to Swear an Oath Constitutes a Jurisdictional**

25             **Issue that may be Raised at any Time.**

26        Defendants' argument that the Receiver's alleged failure to take an oath is a

27   "jurisdictional" matter that can be raised at any time is a transparent attempt to avoid

28

10

PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 60 MOTION

the time bar on their Rule 60 Motion.  *See* Rule 60 Motion II.A.  Defendants previously made this same argument in the Ninth Circuit.  Dkt. No. 63 in Ninth Circuit Case No. 21-55264 at p. 24, Mayo Decl. Ex. 5.  The Ninth Circuit rejected the argument, noting that Defendants "do not explain how, even assuming that the Receiver failed to comply with [his duty to swear an oath], this would have impacted the district court's jurisdiction, and they cite no authority in support of that argument." Dkt. 501 at p. 14.  Defendants have failed to heed this admonition in their Rule 60 Motion, again failing to cite any authority for their jurisdictional argument. Dkt 515-1 at p. 5.  Just as the Ninth Circuit declined to give this entirely unsupported theory any credence, so too should this Court.  For this additional reason, Defendants' Rule 60 Motion fails as a matter of law.

## **CONCLUSION**

The Court should summarily deny Defendants' Rule 60 Motion in all respects and grant Plaintiffs such other and additional relief as it deems warranted and proper.


Dated:  September 1, 2023                ARNOLD & PORTER KAYE SCHOLER LLP


By:  */s/ Sharon D. Mayo*
        Sharon D. Mayo

Sharon D. Mayo
Laura E. Watson
ARNOLD & PORTER KAYE SCHOLER LLP

Jackson Wagener (*pro hac vice*)
AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS

*Attorneys for Plaintiffs*

11

## <u>CERTIFICATE OF SERVICE</u>

     I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California 90017-5844.

     I hereby certify that on September 1, 2023 I electronically filed the document(s) entitled:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM ORDER ESTABLISHING RECEIVERSHIP AB INITIO, SECOND AND THIRD AMENDED JUDGMENTS, JUNE 21, 2021 ORDER AND FINAL ACCOUNTING ORDER OF FEBRUARY 22, 2023**

with the Clerk of the Court using the CM/ECF system and said document was served in the manner stated below:

☒    **By Court Via Notice of Electronic Filing (NEF)**: The document(s) was served by the court via NEF and hyperlink to the document. On **September 1, 2023**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed below is/are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

Donald Charles Schwartz            donald@lawofficedonaldschwartz.com

Fred D Heather                      fheather@glaserweil.com

☒    **Federal**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Date: September 1, 2023               By: _____

                                       Noah Horvath