SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JACKSON WAGENER (*pro hac vice*)
jwagener@ascap.com
American Society of Composers, Authors and Publishers
250 West 57th Street
New York, NY 10107
Telephone: (212) 621-6018
Facsimile: (212) 787-1381

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WB MUSIC CORP., et al. | Case No: 5:16-cv-00600-JGB(SPx) |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FED. R. CIV. P. RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| ROYCE INTERNATIONAL BROADCASTING CORP., et al., | **Jury Verdict: March 13, 2018** |
| Defendants. | Hearing Date: October 23, 2023<br>Time: 9:00 a.m.<br>Judge: Hon. Jesus G. Bernal<br>Courtroom: 1 |

## TABLE OF CONTENTS

I. THE COURT SHOULD SANCTION DEFENDANTS AND THEIR COUNSEL FOR FILING AND PURSUING A MOTION THAT IS BOTH FRIVOLOUS AND BROUGHT FOR AN IMPROPER PURPOSE ..................................................................................................10

    A. Defendants' Fabricated "Fraud On The Court" Theory Is A Transparent Attempt To Sidestep The Statute Of Limitations ...............11

    B. The Arguments Presented by Defendants in their Rule 60 Motion Already Have Been Considered and Rejected by This Court and/or The Ninth Circuit Either on the Facts, on the Law, or Both. .....................................................................................................13

        1. Defendants' Argument That the Receivership is Void *Ab Initio* Because of the Receiver's Supposed Failure to Swear an Oath Is Demonstrably Untrue and Has Previously Been Rejected. ............................................................13

        2. Defendants' Arguments That the Receivership Should Be Unwound to an Earlier Date Have Repeatedly Been Rejected By the Court and the Ninth Circuit. ...............................15

        3. The Court Has Repeatedly Rejected the Contention that ASCAP Made a "False Promise of Settlement" ...........................15

        4. Defendants' Argument That the Receiver Conspired With ASCAP and Defendants' Prior Counsel In a Scheme to Avoid Entering a Satisfaction of Judgment Is Unsupported, Reckless Conjecture. ..............................................16

II. CONCLUSION ................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buster v. Greisen*,
    104 F.3d 1186 (9th Cir. 1997) ................................................................................10

*G.C. & K.B. Invs., Inc. v. Wilson*,
    326 F.3d 1096 (9th Cir. 2003) ................................................................................10

*In re Grantham Bros.*,
    922 F.2d 1438 (9th Cir. 1991), *cert. denied*, 502 U.S. 826 (1991) ....................11

*Paciulan v. George*,
    38 F. Supp. 2d 1128 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir.
    2000) ........................................................................................................11, 13, 15

*Ridder v. City of Springfield*,
    109 F.3d 288 (6th Cir.1997) ..................................................................................15

*Toscano v. Commissioner of Internal Revenue*,
    441 F.2d 930 (9th Cir. 1971) .................................................................................12

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1991) (*en banc*) .........................................10, 11, 13, 16

*Truesdell v. S. Cal. Permanente Med. Group*,
    209 F.R.D. 169 (C.D. Cal. 2002) .....................................................................11, 17

*U.S. v. Int'l Tel. & Telegraph*,
    349 F. Supp. 22 (D. Conn. 1972*) aff'd sub nom. Nader v. U.S.*, 410
    U.S. 919 (1973) .......................................................................................................12

*Valerio v. Boise Cascade Corp.*,
    80 F.R.D. 626 (N.D. Cal. 1978) *aff'd*, 645 F.2d 699 (1981), *cert.
    denied*, 454 U.S. 1126 (1981) ................................................................................12

**Other Authorities**

Federal Rules of Civil Procedure Rule 11 .........................................................*passim*

Federal Rules of Civil Proceudre Rule 60(b) ....................................................*passim*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 23, 2023, at 9:00 a.m., or as soon as the matter may be heard before the Honorable Jesus G. Bernal, United States District Judge, Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, Courtroom 1, Plaintiffs WB Music Corp., But Father, I Just Want to Sing Music, Hunterboro Music, Universal Polygram International Publishing, Inc., Sony/ATV Tunes LLC, Obverse Creation Music, Nice Hair Publishing, Party Rock Music, Yeah Baby Music, ESKAYWHY Publishing, Uh Oh Entertainment, Divine Mill Music, Fingaz Goal Music, EMI April Music Inc., Hi Mom I Did It, Chebra Music, and Universal Music Corp. (collectively "Plaintiffs") will and hereby do move for an order imposing appropriate sanctions on Defendants Royce International Broadcasting, Corp., Playa Del Sol Broadcasters, and Edward R. Stolz (collectively "Defendants"), and Defendants' counsel Donald Charles Schwartz, Esq., pursuant to Rule 11 of the Federal Rules of Civil Procedure, including the reasonable expenses and attorneys' fees incurred by Plaintiffs in connection with both their opposition to Defendants' Motion for Relief from Order Establishing Receivership Ab Initio, Second And Third Amended Judgments, The June 21, 2021 Order, and Final Accounting Order (the "Rule 60 Motion") (Dkt. 515), and the instant Motion for Sanctions.[1]

This Motion is made pursuant to Rule 11(c) of the Federal Rules of Civil Procedure on the grounds that Defendants, by and through counsel and in violation of Rule 11(b) of the Federal Rules of Civil Procedure, have filed with the Court a Rule 60 Motion that presents arguments that repeatedly have been decided against Defendants by this Court and/or by the Ninth Circuit Court of Appeals, and makes

---

[1] Defendants Silver State Broadcasting, LLC and Golden State Broadcasting, LLC originally joined the other Defendants in filing the Rule 60 Motion, but on September 19, 2023 filed a Notice of Errata indicating that the Rule 60 Motion was brought by the other Defendants because of the bankruptcy status of the Silver State and Golden State entities.

1  contentions that are demonstrably untrue or entirely unsupported by any facts.  In
2  addition, the Rule 60 Motion serves the improper purposes of harassing Plaintiffs and
3  their counsel, causing unnecessary delay, and needlessly increasing the cost of
4  litigation.
5       Defendants and their counsel were served with this Rule 11 motion 21 days
6  prior to its filing, and have failed to withdraw the Rule 60 Motion.  This motion is
7  based on the attached memorandum of points and authorities; the Declaration of
8  Sharon D. Mayo in support of this motion; the proposed order filed herewith; and
9  such evidence and argument as may be presented at any hearing before this Court on
10 this motion and on Defendants' Rule 60 Motion.
11      This Motion is made following multiple attempts to conduct a conference of
12 counsel pursuant to L.R. 7-3 with Defendants' counsel, as set forth in the Mayo
13 Declaration.

15 Dated:  September 20, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Sharon D. Mayo
    Sharon D. Mayo

Sharon D. Mayo
Laura E. Watson
ARNOLD & PORTER KAYE SCHOLER LLP

Jackson Wagener (*pro hac vice*)
AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS

*Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' Rule 60 Motion is the latest in a series of meritless motions that serve only to prolong these proceedings and force Plaintiffs—as well as the Court and the Receiver—to expend valuable time and resources. Defendants first resisted paying Plaintiffs all they were due under the Court's judgments following the jury verdict in Plaintiffs' favor, and more recently have sought to claw back payments properly made to Plaintiffs in satisfaction of those judgments. These proceedings *should* have come to an end when the Court disbursed to Plaintiffs in July 2021 the funds deposited by Defendants and Plaintiffs duly filed a Satisfaction of Judgment. Instead, Defendants *yet again* seek to have the Second and Third Amended Judgments retroactively overturned through a Rule 60 Motion that simply rehashes arguments previously rejected or dismissed as irrelevant by this Court and the Ninth Circuit, and which is devoid of factual or legal support. Despite having been put on notice of the deficiencies of their Rule 60 Motion, Defendants and their counsel nevertheless have chosen to soldier on with their frivolous motion.

The Court has warned Defendants numerous times that their continued pursuit of meritless motions "borders on sanctionable frivolity" and results only in the continued delay of this matter and the imposition of further fees against Defendants. Indeed, had Defendants paid the First Amended Judgment when it was entered on August 6, 2018, they could have avoided two monetary sanctions awards totaling $17,515.80; a Ninth Circuit fee award of $136,429.90; two attorneys' fee awards totaling $333,537.00 for Plaintiffs' post-judgment collection expenses; two findings of contempt (leading to Defendant Stolz spending a night in jail) – not to mention their own attorneys' fees and costs incurred (but apparently not paid). The Rule 60 Motion further demonstrates Defendants' continued willingness to make arguments that they know are untenable and make statements that they know, or should know, to be untrue – all in furtherance of their efforts to stop the Receivership, prevent the sale of their radio stations, and to somehow claw back the amounts they have paid to

satisfy Plaintiffs' Second and Third Amended Judgments.  Defendants' Rule 60 Motion is precisely the type of filing that Rule 11 was designed to discourage.  Accordingly, Defendants and their counsel should be sanctioned for pursuing this latest baseless motion.

**STATEMENT OF RELEVANT FACTS**

The Court is all too familiar with the saga of this case, so only those facts directly pertinent to this motion will be discussed here.  On June 2, 2021, the Court entered its Order Regarding Termination of Receivership (Dkt. 432), rejecting the latest in a long line of Defendants' attempts to stay or terminate the Receivership.  *See, e.g.*, Dkt. 288, 298, 308, 314, 321, 325, 327, 338, 344, 369, 409, 411, 413, 417, 428, and 3/30/2021 Emergency Motion Under Circuit Rule 27-3 to Dismiss the Receiver, Terminate the Receivership, and Enjoin Sale of the Radio Stations (the "Emergency Motion") (Dkt. 3 in Ninth Circuit Case No. 21-55264, attached as Ex. 1 to the Declaration of Sharon D. Mayo ("Mayo Decl.").)[2]  This Court's June 2, 2021 Order set forth a process for winding up the receivership following satisfaction of Plaintiffs' Third Amended Judgment and the Court's ruling on an accounting to be provided by the Receiver.

Within days of the June 2, 2021 Order, Defendants replaced their long-serving (and third) attorney in this case, Dariush Adli, with attorney G. Scott Sobel.  Dkt. 435.  Mr. Sobel took up the mantle, petitioning the Ninth Circuit for a Writ of Mandamus or Other Extraordinary Relief, requesting an Immediate Injunction Prohibiting Sale of Radio Stations.  Dkt. 1 in Ninth Circuit Case No. 21-71129, attached to the Mayo Decl. as Ex. 2.  Both the Emergency Motion and Writ Petition presented many of the same arguments Defendants are now rehashing in their Rule

---

[2] This list does not include the multiple proceedings relating to Defendants' efforts to obstruct the Receiver's work and interfere with the Receiver's efforts to sell Defendants' radio stations, leading to Defendant Edward Stolz being held in contempt and jailed following his refusal to self-surrender.

60 Motion.  *Compare* Mayo Decl., Exs. 1 and 2 *with* Dkt. 515.  Both the Emergency Motion and Writ Petition were denied by the Ninth Circuit.  Mayo Decl. ¶ 5.

The Receiver filed his Accounting as required by the June 2, 2021 Order, followed on August 2, 2021 by motions from the Receiver and certain other creditors and interested parties to recover their attorneys' fees, costs, or other judgments owed by Defendants.  On August 9, 2021, attorney Donald Charles Schwartz entered his appearance in this case as co-counsel with Mr. Sobel, and shortly thereafter began filing a series of oppositions to the motions related to the Receiver's accounting.

On August 18, 2021, Mr. Schwartz, on behalf of Defendants, filed a Motion For Relief From Final Judgment, Order Or Proceeding under FRCP Rule 60(b) (the "Prior Rule 60 Motion") (Dkt. 477), that, with one arguable exception,[3] is substantively the same as Defendants' currently-pending Rule 60 Motion.  At an August 23, 2021 hearing on the Receiver's Accounting, the Court agreed to continue the hearing and briefing schedule on Defendants' Prior Rule 60 Motion by three weeks to allow Plaintiffs time to invoke Rule 11's "safe harbor" provision in an attempt to avoid unnecessary additional briefing.  Mayo Decl. ¶ 6.  On August 27, 2021, and in compliance with Rule 11's safe harbor provision, counsel for Plaintiffs sent a draft Motion for Sanctions to Schwartz together with an accompanying letter indicating that, unless Defendants withdrew the Prior Rule 60 Motion within 21 days, Plaintiffs would file the Rule 11 motion seeking sanctions against both Defendants and Schwartz.  Mayo Decl. ¶ 7.  Four days later, on August 31, 2021, Defendants withdrew their Prior Rule 60 Motion. Dkt. 487.

Undeterred, on September 8, 2021 Defendants filed an Opening Brief in Ninth Circuit Case No. 21-55264, in which they advanced many of the arguments that they

---

[3] Defendants' current Rule 60 Motion argues that the Receivership was void *ab initio* based on the Receiver's failure to swear an oath of royalty. Defendants' Prior Rule 60 Motion argued that the Receivership was void *ab initio* based on the Receiver's failure to post a bond.  Both arguments are meritless; the Receiver both posted the required bond and swore an oath of loyalty.

now attempt to reargue in their Rule 60 Motion, including: (i) that the Receivership was "void *ab initio*" for the Receiver's alleged failure to swear an oath of loyalty; (ii) that this Court was required, as a matter of law, to terminate the Receivership as of November 9, 2020, when Defendants deposited with the Court funds sufficient to satisfy the First Amended Judgment; and/or (iii) that, the Court abused its discretion by failing to terminate the Receivership as of November 9, 2020. The relief Defendants sought from the Ninth Circuit included an order terminating the Receivership retroactively to either July 6, 2020 (the date on which the receiver was appointed), November 9, 2020 (the date on which Defendants deposited funds with the Court sufficient to satisfy the First Amended Judgment), or February 2, 2021 (the date on which Defendants deposited funds with the Court sufficient to satisfy the Second Amended Judgment). Dkt. 22 in Ninth Circuit Case No. 21-55264, attached as Ex. 3 to the Mayo Decl.

On March 15, 2022, Plaintiffs filed their Answering Brief opposing Defendants' efforts to unwind the receivership. Dkt 49 in Ninth Circuit Case No. 21-55264, attached as Ex. 4 to the Mayo Decl. Defendants filed a Reply on April 7, 2022, in which they additionally argued: (i) that the issue of whether the Receiver posted a bond is a "jurisdictional matter" that may be raised at any time; (ii) that a supposed conspiracy between the Receiver, ASCAP, and Defendants' prior counsel, Dariush Adli, had operated to keep Defendants from properly satisfying the First Amended Judgment; and (iii) that the Ninth Circuit could, and should, overturn the Second and Third Amended Judgments. Dkt. 63 in Ninth Circuit Case No. 21-55264, attached as Ex. 5 to the Mayo Decl.

The Ninth Circuit found that this Court did not abuse its discretion in denying Defendants' Motion to Terminate the Receivership. Dkt. 81 in Ninth Circuit Case No. 21-55264, attached as Ex. 6 to the Mayo Decl. Defendants' subsequent petition for a rehearing *en banc* was denied. Mayo Decl. ¶ 12.

## I. THE COURT SHOULD SANCTION DEFENDANTS AND THEIR COUNSEL FOR FILING AND PURSUING A MOTION THAT IS BOTH FRIVOLOUS AND BROUGHT FOR AN IMPROPER PURPOSE

Rule 11 of the Federal Rules of Civil Procedure provides that the Court may impose sanctions against an attorney who signs and presents to the Court a pleading, motion or other paper that is either "frivolous" or is filed for an "improper purpose." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). Rule 11 states, in relevant part:

> (b) *Representations to the Court*. By presenting to the court a . . . written motion, or other paper, . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the . . . legal contentions therein are warranted by existing law . . . ;
>
> (3) the factual contentions have evidentiary support . . . ;
>
> (c) Sanctions.
>
> (1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. Pro. 11. "[S]anctions *must* be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991) (*en banc*) (emphasis added).

A motion is "frivolous" if it is "'both baseless and made without a reasonable and competent inquiry.'" *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (quoting *Townsend*, 929 F.2d at 1362). In determining whether to impose sanctions for "frivolousness," the Court should consider "'whether a reasonable attorney,

having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded.'" *Truesdell v. S. Cal. Permanente Med. Group*, 209 F.R.D. 169, 174 (C.D. Cal. 2002) (quoting *Schutts v. Bentley Nevada Corp.*, 966 F. Supp. 1549, 1562 (D. Nev. 1997)).

An "improper purpose" can be inferred from the absence of legal or factual basis for a claim. *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000). The imposition of Rule 11 sanctions does not require a finding of subjective bad faith by the signer of the paper. Rather, filings are measured against an objective standard of reasonableness. *Townsend*, 929 F.2d at 1362; *In re Grantham Bros.*, 922 F.2d 1438, 1443 (9th Cir. 1991) (collateral attack with no basis in law or fact is frivolous under Rule 11), *cert. denied*, 502 U.S. 826 (1991).

Defendants' Rule 60 Motion, which has no basis in law or fact, is the very definition of "frivolous." The foundation of the motion relies on a supposed "fraud on the court" theory; however, there has been no fraud on the Court, nor does Defendants' motion sufficiently allege any such fraud. Moreover, Defendants' Motion consists entirely of rehashed arguments that already have been rejected by this Court and/or the Ninth Circuit, either because they misstate the record, misstate the law, or *both*. For the foregoing reasons, and as set forth in below, the Court should sanction Defendants and their counsel.[4]

**A.    Defendants' Fabricated "Fraud On The Court" Theory Is A Transparent Attempt To Sidestep The Statute Of Limitations**

Defendants correctly recognize that Rule 60 relief sounding in "fraud" generally is subject to a one-year statute of limitations. *See* Rule 60 Motion at p. 6. Because the supposedly fraudulent conduct complained of by Defendants occurred in

---

[4] Rule 11 contains a "safe harbor" provision requiring that the motion for sanctions be served 21 days prior to being filed in order to give the offending party an opportunity to withdraw the paper in question. Fed. R. Civ. P. 11(c)(2). Plaintiffs' counsel has complied with this requirement. Mayo Decl. ¶ 13.

2020, Defendants' claims that the Second and/or Third Amended Judgments were procured by fraud clearly are time-barred. In a transparent attempt to avoid that unavoidable conclusion, Defendants mischaracterize their claims as being rooted in a theory of "fraud on the court" because, as Defendants note, the one-year limitations period does not apply to claims of fraud on the court. But merely labeling an alleged fraud as a purported "fraud on the court" does not make it so.

Rather, the phrase "fraud on the court" is "to be read narrowly, in the interest of preserving the finality of judgments, which is an important legal and social interest." *Toscano v. Commissioner of Internal Revenue*, 441 F.2d 930, 934 (9th Cir. 1971). The type of conduct that rises to the level of a fraud on the court has been summarized as follows:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*U.S. v. Int'l Tel. & Telegraph*, 349 F. Supp. 22, 29 (D. Conn. 1972*) aff'd sub nom. Nader v. U.S.*, 410 U.S. 919 (1973).

Defendants' allegations of supposedly "fraudulent" conduct—ASCAP's purported refusal to accept payment and subsequent decision to terminate settlement discussions; the Receiver's alleged failure to take an oath and/or refusal to enter a satisfaction of judgment; and the supposed "scheme" not to enter a satisfaction of judgment—are simply insufficient to support a claim of fraud on the court *even if* those allegations rested on a solid factual foundation (and as set forth below, they do not). See, e.g., *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 640-42 (N.D. Cal. 1978) *aff'd*, 645 F.2d 699 (1981), *cert. denied*, 454 U.S. 1126 (1981) (rejecting that a claim for fraud on the court had properly been asserted when a class of plaintiffs

contended that their class attorneys had failed to advise the court of various pertinent facts and had misrepresented other facts).

Had the Defendants done even a modicum of research on this issue, they objectively should have determined that the alleged frauds supposedly perpetrated by Plaintiffs and the Receiver were insufficient to state a claim of fraud on the Court. The Court should sanction Defendants and their counsel on this basis alone. *Townsend*, 929 F.2d at 1362 (filings are measured against an objective standard of reasonableness); *Paciulan*, 38 F. Supp. 2d at 1144 (an "improper purpose" can be inferred from the absence of legal basis for a claim).

### B. The Arguments Presented by Defendants in their Rule 60 Motion Already Have Been Considered and Rejected by This Court and/or The Ninth Circuit Either on the Facts, on the Law, or Both.

That the Rule 60 Motion is motivated by an improper purpose to harass Plaintiffs and the Receiver is self-evident. As set forth in the oppositions to the Rule 60 Motions filed by Plaintiffs (Dkt. No. 519) and the Receiver (Dkt. No. 518), filed on September 1, 2023 (the "Oppositions"), virtually *every* argument presented in the Rule 60 Motion already has been considered and either rejected or dismissed as irrelevant by this Court and/or the Ninth Circuit.

For a complete recitation of the fatal flaws underpinning the Rule 60 Motion, we refer the Court to the Oppositions. For purposes of analyzing whether the Rule 60 Motion is sanctionable, Plaintiffs offer four egregious examples, set forth below.

#### 1. Defendants' Argument That the Receivership is Void *Ab Initio* Because of the Receiver's Supposed Failure to Swear an Oath Is Demonstrably Untrue and Has Previously Been Rejected.

Defendants' Rule 60 Motion asserts that the Receivership is void *ab initio* because the receiver failed to swear an oath of loyalty. Defendants argue that the alleged failure to take such an oath somehow constitutes a "jurisdictional" matter that can be raised at any time (presumably as a second attempt to avoid the statute of limitations issues discussed above). *See* Rule 60 Motion II.A. However, Defendants

previously argued these points to the Ninth Circuit in their appeal of this Court's refusal to terminate the Receivership. Dkt. Nos. 22 and 63 in Ninth Circuit Case No. 21-55264, attached to the Mayo Decl. as Exhibits 3 and 5.

The Ninth Circuit declined to reach the argument that the Receivership was void *ab initio* based on the supposed failure to swear an oath on the grounds that Defendants had "forfeited" the argument by failing timely to raise the issue. *See* Dkt. 81 in Ninth Circuit Case No. 21-55264 at 13-15. The Ninth Circuit also found lacking Defendants' argument that the failure to swear an oath is a jurisdictional issue, stating that Defendants "do not explain how, even assuming that the Receiver failed to comply with [his duty to swear an oath], this would have impacted the district court's jurisdiction, and they cite no authority in support of that argument." *Id.* at 14. Defendants failed to heed this admonition in their Rule 60 Motion, *again failing to cite any authority for their jurisdictional argument*. Dkt 515-1, p. 5.

Moreover, both of Defendants' aforementioned arguments are built on the factual assertion that the Receiver failed to swear an oath of loyalty—an assertion that is demonstrably false. As Plaintiffs noted in their Answering Brief in Ninth Circuit Case No. 21-55264, the Receiver did *in fact* swear an oath of loyalty. See Dkt 49 in Ninth Circuit Case No. 21-55264, attached to the Mayo Decl. as Ex. 4, at p. 11. Before accepting his appointment as receiver, Larry Patrick swore under penalty of perjury an oath that he was "ready, willing, and able to serve as the receiver for the various entities that currently own and operate those stations (the 'Operating Entities')" and that "[i]n [his] role as receiver, [he] would devote [his] time to running the respective Operating Entities and managing the affairs of such entities, as necessary, perform duties on-site as needed, and fully honor the fiduciary obligations imposed by such an appointment." Dkt. 239-1, ¶¶ 20–21 on p. 6 of 24. Defendants' Rule 60 Motion makes no effort to address these facts, which previously have been drawn to their attention.

### 2. Defendants' Arguments That the Receivership Should Be Unwound to an Earlier Date Have Repeatedly Been Rejected By the Court and the Ninth Circuit.

Defendants' repeated assertions that the First Amended Judgment was satisfied in November 2020 and that, as a result, the Receivership should be retroactively unwound to that date (or some other alternative date), have been rejected multiple times by this Court and the Ninth Circuit. This Court already has considered the cases *again* cited by Defendants in their Rule 60 Motion, has properly concluded that the "[t]ermination of a receivership is an equitable question" and has determined that "neither the legal nor the factual equities favor Defendants." Dkt. 413 p. 3. The Ninth Circuit, in rejecting Defendants' contention that a district court lacks jurisdiction to prolong a receivership once a judgment has been satisfied explicitly noted that "the authorities are *uniformly to the contrary*." (emphasis added).

Defendants' continued insistence that the Court was—or should have been—divested of jurisdiction as of November 9, 2020, relying on case law already considered by the Court and the Ninth Circuit, and rooted in legal theories that emphatically have been rejected by the Court and the Ninth Circuit, is entirely frivolous. This is specifically the type of conduct that Rule 11 is meant to address. *Paciulan*, 38 F. Supp. 2d at 1144 (Rule 11 "subject[s] litigants to potential sanctions for insisting upon a position after it is no longer tenable....") (citing Advisory Committee Notes on Rule 11); *see also Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir.1997) (same).

### 3. The Court Has Repeatedly Rejected the Contention that ASCAP Made a "False Promise of Settlement"

As the Court is well aware, Defendants have continued to assert, in *seriatim* baseless filings from mid-October 2020 onward, that there was a purported "settlement" with Plaintiffs that this Court found was "clearly" never in place. Dkt. No. 344 at 4. Defendants' continued, purported reliance in the Rule 60 Motion (Dkt. 515-2 at 7-10) on a supposed "false promise of settlement" that the Court *has*

*expressly found not to exist* is but another example of Defendants' obstinate unreasonableness and bad faith in these proceedings. And it is sanctionable. *See Townsend*, 929 F.2d at 1365 ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose.")

Indeed, Defendants opposed Plaintiffs' second motion for post-judgment attorneys' fees arguing that those fees could have been "avoided if Plaintiffs did not breach the agreement for the settlement amount." Dkt. 419 at 3. In its Order granting Plaintiffs' fee motion, the Court could not have rejected Defendants' purported "settlement" argument any more clearly:

> This argument borders on sanctionable frivolity. Not only were Plaintiffs' opposition to enforcement of the purported settlement agreement and Second Fee Motion not in bad faith – the Court <u>agreed</u> with Plaintiffs in each of those circumstances. Plaintiffs were <u>correct</u> that there was no settlement agreement and <u>correct</u> that they merited post-judgment costs and fees.

Dkt. 424 at 4 (emphasis in original). There is no good faith justification for Defendants' continued insistence on this point.

### 4. Defendants' Argument That the Receiver Conspired With ASCAP and Defendants' Prior Counsel In a Scheme to Avoid Entering a Satisfaction of Judgment Is Unsupported, Reckless Conjecture.

Defendants' Rule 60 Motion claims that ASCAP, the Receiver, and Defendants' prior counsel Dariush Adli, for the supposed purpose of prolonging the receivership and extracting a windfall, conspired to (i) hide from the Judgment Creditors the purported fact that Defendants were prepared to satisfy the Amended Judgment; and (ii) refuse to enter a Satisfaction of Judgment. Dkt. 515-1 pp. 7-13. This alleged scheme, based entirely in conjecture, recklessly charges that: (i) opposing counsel conspired with each other in violation of their duties to their clients; (2) judicial officers concealed or misrepresented facts to the Court; and (3) a receiver

appointed by the court engaged in self-dealing. Defendants cite *no facts* and *no law* to support these accusations—revealing that Defendants' counsel did not perform *any* inquiry into the facts, let alone an objectively reasonable inquiry as required by Rule 11. *Truesdell*, 209 F.R.D. at 174.

## II. CONCLUSION

For all of the reasons stated above, the Court should sanction both Defendants Royce International Broadcasting, Playa Del Sol Broadcasters, and Edward R. Stolz and their counsel Donald Charles Schwartz under Rule 11 and order them to pay Plaintiffs' reasonable attorneys' fees incurred in connection with both the Rule 60 Motion and this Rule 11 Motion, plus any additional amounts payable to the Court or other sanctions as it deems just and proper under the extraordinary circumstances of this case.

Dated: September 20, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Sharon D. Mayo*
Sharon D. Mayo

Sharon D. Mayo
Laura E. Watson
ARNOLD & PORTER KAYE SCHOLER LLP

Jackson Wagener (*pro hac vice*)
AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2023, the following document described as: **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FED. R. CIV. P. RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was filed with the Clerk of the United States District Court for the Central District of California using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-1. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action and who have consented under Civil L.R. 5-1 to accept that Notice as service of this document.

/s/ Vicky Apodaca