Donald Charles Schwartz, Esq. (SBN 122476)
Law Office of Donald C. Schwartz
7960-B Soquel Drive, No. 291
Aptos, CA 95003
Telephone: (831) 331-9909/Facsimile: (815) 301-6556
Email: donald@lawofficedonaldschwartz.com

Attorney for Defendants
Royce International Broadcasting
Corporation, Playa Del Sol Broadcasters,
and Edward R. Stolz, II

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| W.B. MUSIC, INC., et al<br><br>Plaintiffs<br><br>v.<br><br>ROYCE INTERNATIONAL BROADCASTING INC. et. al.<br><br>Defendants. | Case No. 5:16-cv-00600-JGB-SP<br>Hon. Jesus G. Bernal<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RULE 11 SANCTIONS**<br><br>Date: 10/23/23<br>Time: 9:00 AM<br>Location: United States District Court, Central District of California, Riverside<br>Courtroom: 1 – Hon. Jesus G. Bernal |

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. REQUEST FOR RELIEF FROM LATE FILED BRIEFING:

Defendants Royce International Broadcasting Corporation, Playa Del Sol Broadcasters, and Edward R. Stolz, II and their counsel, Donald Charles Schwartz, request relief from late filing of opposition papers resultant from counsel (Schwartz) COVID hospitalization (with heart complication). See, Declaration of Donald Charles Schwartz in Opposition to Motion for Rule 11 Sanctions ("Schwartz Dec.").

If propitious, defendants ask that the briefing and hearing on the Rule 11 motion be continued pending outcome of Motion to Set Aside Court Orders. The Court has the power to act on Rule 11 as it sees fit.

## II. LEGAL ARGUMENT

All California attorneys are called upon to be "zealous" advocates for their clients. The Supreme Court of California has affirmed this on several occasions stating that once a lawyer agrees to representation of a client, they must represent the client "zealously, within the bounds of the law." See, *Hawk v. Sup.Ct. (People)* (1974) 42 Cal.App.3d 108, 126.

California Business & Professions Code § 6067, sets for the attorney's oath "to support the Constitution of the United States and the Constitution of the State of California, and faithfully to discharge the duties of any attorney at law to the best of his knowledge and ability."

California Rule of Professional Conduct 1.3 Diligence states:

(a) A lawyer shall not intentionally, repeatedly, recklessly or with gross negligence fail to act with reasonable diligence in representing a client.

(b) For purposes of this rule, "reasonable diligence" shall mean that a lawyer acts with commitment and dedication to the interests of the client and does not neglect or disregard, or unduly delay a legal matter entrusted to the lawyer.

Counsel's duty to the Constitution (State and Federal) mandates bringing the Motion to Set Aside Court Orders under the present circumstances. When a putative 'officer of the Court' such as Larry Patrick refuses to take the oath of office as required under California State law to become a receiver, then this jurisdictional matter needs to be brought to the

attention of the Court. (Combined with the recent **felony tax evasion conviction** of the receiver's business partner, wife, and all of the other conduct complained of throughout the course of this matter, including facts pertaining to self-dealing and conflict of interest set forth in the correlative motion papers.)

[Judicial Notice of request of all Motion, Memoranda and Declarations filed in support of the concomitant Motion to Set Aside Court Orders.]

The Motion to Set Aside Court Orders is hardly sanctionable conduct. As shown, Larry Patrick defiantly refused to take the oath of office. **No case in the history of American legal jurisprudence has been found where a receiver can fail to take the oath of office after being appointed by the Court and continue to lawfully serve in that capacity**. If this instant matter is going to be that case of first impression, then certainly, it is not sanctionable under Rule 11 to, **in good faith**, have brought this matter to the Court's attention.

Mr. Patrick now claims in his opposition papers **for the first time** that his declaration in support of being prospectively appointed receiver suffices as a receiver's oath of office. (Never was this argument made by Mr. Patrick during motion meet and confer - nor under Rule 11 Safe Harbor procedures.) **No case in the history of American legal jurisprudence has been found where a prospective receiver can provide a declaration of willingness to serve in a fiduciary capacity once appointed receiver suffices for the oath of office to be subscribed after being appointed by the Court in that capacity**. Once again, if this case is going to be that case of first impression then certainly bringing this matter to the Court's attention is not sanctionable under Rule 11.

Similarly, **no case in the history of American legal jurisprudence has been found where a final order of accounting of a 'receiver' can be made when no proof of service is filed that the motion has been actually been served**. Likely this will not be that case.

### III.   CONCLUSION

In light of the foregoing, and the accompanying motion papers for which judicial notice has been requested, the Court should simply deny the motion for Rule 11 sanctions.

Dated: October 18, 2023

Respectfully submitted,

/s/ **Donald Charles Schwartz**

Donald Charles Schwartz
Attorney for Royce International Broadcasting
Corporation, Playa Del Sol Broadcasters,
Edward R. Stolz, II

**Proof of Service**: As set forth through the United States District Court ECF System on 10/18/23

*/s/ Donald Charles Schwartz*