UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 16-0600 JGB (SPx)** | Date | October 19, 2023 |
|---|---|---|---|
| Title | *WB Music Corp. et al. v. Royce International Broadcasting Corp. et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):               Attorney(s) Present for Defendant(s):

None Present                                   None Present

Proceedings:     Order (1) DENYING Defendants' Motion for Relief from Order Establishing Receivership and Other Contested Orders (Dkt. No. 515); (2) GRANTING Plaintiffs' Motion for Sanctions (Dkt. No. 525); and (3) GRANTING Court-Appointed Receiver's Motion for Sanctions (Dkt. No. 529) (IN CHAMBERS)

Before the Court are three motions: (1) motion for relief from the order establishing receivership ab initio, the second and third amended judgments, the June 21, 2021 order, and the final accounting order filed by defendants Royce International Broadcasting Corporation, Playa Del Sol Broadcasters, and Edward R. Stolz, II (collectively, "Defendants") ("Relief Motion," Dkt. No. 515; see Dkt. No. 521); (2) motion for sanctions filed by plaintiff WB Music Corp., et al. ("Plaintiffs") against Defendants and Defendants' counsel ("Plaintiffs Sanctions Motion," Dkt. No. 525); (3) motion for sanctions filed by court-appointed receiver W. Lawrence Patrick ("Patrick" or "Receiver") against Defendants and Defendants' counsel ("Receiver Sanctions Motion," Dkt. No. 529). The Court finds this matter appropriate for resolution without a hearing. See Local Rule 7-15; Fed. R. Civ. P. 78. After considering the papers filed in support of and in opposition to the motions, the Court **DENIES** the Relief Motion, **GRANTS** Plaintiffs' Motion for Sanctions, and **GRANTS** Receiver's Motion for Sanctions. The October 23, 2023 hearing is **VACATED**.

## I.     BACKGROUND

The parties are familiar with the voluminous post-judgment proceedings of this case; the Court relates only those necessary to an understanding of the instant motions.

On July 6, 2020, the Court appointed W. Lawrence Patrick as Receiver ("Receivership") to facilitate judgement against Defendants by managing Defendants' radio stations ("Stations"). ("Receivership Order," Dkt. No. 284.)

On January 13, 2021, the Court entered a second amended judgment.  ("Second Amended Judgment," Dkt. No. 350.)  On February 11, 2021, Defendants appealed the Second Amended Judgment to the Ninth Circuit.  (Dkt. No. 374.)

On February 3, 2021, Defendants filed a motion to discharge Receiver, and terminate the Receivership.  (Dkt. No. 369.)  On March 18, 2021, the Court denied Defendants motion to terminate the Receivership.  (Dkt. No. 413.)

On June 2, 2021, the Court entered an order stating that it would terminate the Receivership upon 1) Defendants' satisfaction of the most recent judgment ("Third Amended Judgment," Dkt. No. 429); and 2) Defendants' satisfaction of the Receiver's final accounting. ("Termination Order," Dkt. No. 432.)  On July 23, 2021, the Third Amended Judgment was satisfied.  (Dkt. No. 455.)

On June 21, 2021, the Ninth Circuit denied Defendants' petition for mandamus of the July 6, 2020, March 18, 2021, and June 2, 2021 orders.[1]  (Dkt. No. 438.)

On August 18, 2021, Defendants moved for relief from various orders of the Court—Defendants later withdrew this motion.  (Dkt. Nos. 477, 487.)

On October 15, 2021, Defendants filed an ex parte application for an order for Receiver's Final Accounting.  (Dkt. No. 492.)  On October 22, 2021, the Court denied Defendants' ex parte application.  (Dkt. No. 498.)

On August 31, 2022, the Ninth Circuit affirmed this Court's order denying Defendants' motion to discharge Receiver.  ("Ninth Circuit Opinion," Dkt. No. 501.)

On August 21, 2023, Defendants filed this Relief Motion to set aside orders pursuant to Rule 60.  (Relief Motion.)  On September 1, 2023, Receiver opposed.  ("Receiver Relief Opposition," Dkt. No. 518.)  The same day, Plaintiffs opposed.  ("Plaintiff Relief Opposition," Dkt. No. 519.)  On September 11, 2023, Defendants replied.  ("Relief Reply," Dkt. No. 520.)

---

[1] The Ninth Circuit held that "the district court did not abuse its discretion, let alone commit clear error, in its June 2, 2021 order requiring the receiver promptly to submit an accounting and providing that the receivership will terminate upon satisfaction of that accounting."  The court concluded its order with "No further filings will be entertained in this closed case."  (Dkt. No. 438.)

On September 20, 2023, Plaintiffs filed the Plaintiffs Sanctions Motion and on September 22, 2023, Receiver filed the Receiver Sanctions Motion (collectively, "Sanctions Motions"). In support, Receiver filed the declaration of Fred H. Heather. ("Heather Decl.," Dkt. No. 528.) Defendants failed to timely oppose the Plaintiffs Sanctions Motion and the Receiver Sanctions Motion. (See Dkt. No. 532.) On October 6, 2023, Plaintiffs replied. ("Plaintiffs Sanctions Reply," Dkt. No. 530.) On October 6, 2023, Receiver replied. ("Receiver Sanctions Reply," Dkt. No. 531.)

## II.    DISCUSSION

### A.  Relief Motion

Defendants move to set aside the Receivership—along with the Second Amended Judgement, Third Amended Judgment, the June 2, 2021 Order, and the February 22, 2023 Final Accounting Order—pursuant to Federal Rule of Procedure 60 ("Rule 60"), on the alleged grounds that Receiver did not take the oath of office and that Receiver engaged in fraud upon the Court. (See Motion.) Defendants bring this motion in bad faith—Defendants' arguments are unfounded, misrepresent the procedural history of this case, and have already been rejected by this Court and the Ninth Circuit on numerous occasions.

"The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered [as] a Rule 60(b) motion for relief from judgment," Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998), provided a judgment has been entered. Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Relief Motion does not satisfy any of the Rule 60(b) requirements and is nothing more than Defendants' latest baseless attempt to have the Receivership terminated, as outlined below. (See Plaintiffs Opposition at 2-3.) The Court sees no reason to rehash the language in these orders.

- Defendants' September 21, 2020 ex parte application to terminate the Receivership (Dkt. No. 308), denied by the Court on October 9, 2020 (Dkt. No. 314);
- Defendants' October 21, 2020 Motion to Compel the Plaintiffs to Accept Payment of the Amended Judgment (Dkt. 321), granted in part and denied in part on October 29, 2020 (Dkt. 327);
- Defendants' November 23, 2020, Motion to enforce a supposed "settlement agreement" with ASCAP (Dkt. 338), denied on December 18, 2020 (Dkt. 344);
- Defendants' second Motion to Terminate the Receivership, filed on February 3, 2021 (Dkt. 369), denied on March 18, 2021 (Dkt. 413), and denial affirmed in all respects by the Ninth Circuit (Dkt. 501);
- Defendants' Emergency Motion Under Circuit Rule 27-3 to Dismiss the Receiver, Terminate the Receivership, and Enjoin Sale of the Radio Stations filed in the Ninth Circuit on March 30, 2021 (Dkt. 3 in Ninth Circuit Case No. 21-55264, attached as Ex. 1 to the Declaration of Sharon D. Mayo ("Mayo Decl.")), and denied on April 29, 2022 (Dkt. 422); and
- Defendants' Petition for Writ of Mandamus or Other Extraordinary Relief, requesting an Immediate Injunction Prohibiting Sale of Radio Stations filed in the Ninth Circuit on June 16, 2021 (Dkt. 1 in Ninth Circuit Case No. 21-71129, Mayo Decl. Ex 2), denied on June 21, 2021 (Dkt. 438).

Any attempt by Defendants to introduce "new" theories wholly fails as a matter of law. First, Defendants assert that the Receivership is void ab initio because Receiver "refused to swear an oath of office," as required by California Civil Procedure Code § 567.  (Motion at 1.) Defendants made this argument in the Ninth Circuit and were specifically directed by Plaintiffs to the factual record of Patrick's June 19, 2019 statement under penalty of perjury.  (Opposition at 10); see Defendants' Opening Brief at 14-16 (Dkt. No. 22 in Ninth Circuit Case No. 21-55264, Mayo Decl. Ex. 3); Plaintiffs Answering Brief at 25 (Dkt. No. 49 in Ninth Circuit Case No. 21-55264, Mayo Decl. Ex. 4.)  The Ninth Circuit declined to reach the issue because it was raised for the first time on appeal but noted that Defendants did not cite any authority in support of their lack of jurisdiction argument.  (Dkt. No. 501 at 14.)  Defendants raise the same argument in the Relief Motion, and again fail to provide any case law that would support their position. Plaintiffs again cite to Receiver's sworn oath.  (Opposition at 10; see Dkt. No. 239-1 ¶¶ 20-21.) The Court does not find any merit in Defendants' argument and rejects it in its entirety.

Defendants allege that Receiver is engaged in a "fraudulent scheme" which amounts to fraud upon the Court.  (Motion at 6.)  The phrase "fraud on the court" is "to be read narrowly, in the interest of preserving the finality of judgments, which is an important legal and social interest."  Toscano v. Commissioner of Internal Revenue, 441 F.2d 930, 934 (9th Cir. 1971).  The type of conduct that rises to the level of fraud on the court has been summarized as follows:

Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is

implicated, will constitute a fraud on the court.  Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

U.S. v. International Tel. & Telegraph, 349 F. Supp. 22, 29 (D. Conn. 1972) aff'd sub nom. Nader v. U.S., 410 U.S. 919 (1973) (finding that movants' claim of fraud on the court was wholly without merit).

The Court rejects Defendants' argument as to Receiver's oath both on its face and as the basis for a fraud on the court claim.  Defendants fail to present any legitimate evidence that would rise to high standard required for a fraud on the court claim.  (See Motion.)  The Court finds that Defendants' "fraud on the court argument" amounts to nothing more than an attempt to circumvent the expired statute of limitations on a fraud claim.  (Opposition at 6; Relief Motion at 6); see Rule 60.

On June 2, 2021, the Court ordered that "Upon satisfaction of the Receiver's accounting by Defendants, the Court will terminate the Receivership"—the Ninth Circuit determined the Court's windup of the Receivership was "reasonable and appropriate."  (Dkt. No. 432; Dkt. No. 501 at 19-20.)  The Court has repeatedly refused to terminate the Receivership prematurely— today is no different.  The Court finds that the Relief Motion lacks merit.  As such, the Court **DENIES** Defendants' Relief Motion.

**B.  Sanctions Motions**

Both Plaintiffs and Receiver move for the Court to impose sanctions on Defendants and Defendants' counsel, pursuant to Rule Federal Rule of Civil Procedure 11 ("Rule 11"). (Sanctions Motions.)  Plaintiffs and Receiver request reasonable attorneys' fees incurred in connection with both their opposition to the Relief Motion and the instant Sanctions Motions. (See id.)  In support of the Sanctions Motions, Plaintiffs and Receiver propound the same arguments raised in their collective oppositions to the Relief Motion—namely, that Defendants and their counsel should be sanctioned for pursuing this latest baseless motion.  (Id.)  The Court agrees with Plaintiffs and Receiver and **GRANTS** the Sanctions Motions.

Federal Rule of Civil Procedure 11 imposes a duty on attorneys to certify that (1) they have read the pleadings or the motions they file, and (2) the pleading or motion is well-grounded in fact, has a colorable basis in law, and is not filed for an improper purpose.  Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1016 (9th Cir. 1997) (citing Fed. R. Civ. P. 11(b)). The Ninth Circuit has articulated two separate grounds for sanctions: if the paper is "frivolous" or filed for an improper purpose.  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).

An attorney is subject to Rule 11 sanctions when they present to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous

argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"  Holgate v. Baldwin, 425 F.3d 671, 676–77 (9th Cir. 2005).  An attorney may also be subject to Rule 11 sanctions when she includes factual allegations lacking evidentiary support.  Fed. R. Civ. P. 11(b)(3).  Claims must be made only when the attorney can certify that it is the result of a "reasonable inquiry."  See Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990).  Improper purposes behind a filing include harassment, causing unnecessary delay, or increasing the costs of litigation.  Fed. R. Civ. P. 11(b)(1); Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156 (9th Cir. 1987).

A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2) ("Safe Harbor Provision").

The party seeking sanctions has the burden of demonstration that sanctions are justified.   Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987).  A court has substantial discretion regarding the application of Rule 11 sanctions.  See Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).  Cases warranting the imposition of sanctions for frivolous actions are "rare and exceptional."  Operating Eng'rs Pension Trust v. A–C Co., 859 F.2d 1336, 1344 (9th Cir. 1988).

Plaintiffs and Receiver complied with the required Safe Harbor Provision.  Defendants were not deterred.  Additionally, Defendants *failed to oppose* the Sanctions Motions.[2] (Plaintiffs Sanctions Reply; Receiver Sanctions Reply.)  Pursuant to Local Rule 7-12, the Court deems Defendants' failure to file a timely opposition as consent to grant the Sanctions Motions.  L.R. 7-12.  The Court imposes sanctions on Defendants and Defendants' counsel on this basis, as well as on the substantive grounds raised in the Sanctions Motions.

Plaintiffs aptly point out that the Court has warned Defendants numerous times that their continued pursuit of meritless motions "borders on sanctionable frivolity."  (Plaintiffs Sanctions Motion at 6.)  Enough is enough.  The Relief Motion is both frivolous and brought for an improper purpose because it is "both baseless and made without a reasonable and competent inquiry."  (Id. at 10); Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).

---

[2] Defendants filed an overdue opposition to the Sanctions Motions on October 18, 2023 ("Sanctions Opposition," Dkt. No. 532) in which they request relief from late filing because of Defendants' counsel's COVID hospitalization.  (Sanctions Opposition.)  In support of this contention, Defendants attach a doctors note dated July 18, 2023 which excuses Defendants' counsel from work matters for the dates June 12, 2023 to July 13, 2023—thus completely immaterial to the Relief Motion (filed by Defendants on August 21, 2023) and the subsequently filed Sanctions Motions.  (Sanctions Opposition, Ex. 1.)  This is absurd.  The Court does not consider Defendants' untimely opposition in its determination of sanctions—even if it did, the outcome would not change.

Defendants' contentions are devoid of any factual or legal support and constitute a waste of the Court's resources.  Accordingly, the Court **GRANTS** the Sanctions Motions.

//
//
//

### III.   CONCLUSION

For the reasons above, the Court **DENIES** the Relief Motion (Dkt. No. 515); **GRANTS** the Plaintiffs Sanctions Motion (Dkt. No. 525); and **GRANTS** the Receiver Sanctions Motion (Dkt. No. 529).  The Court imposes sanctions on Defendants and Defendants' counsel in the form of reasonable attorneys' fees.  Plaintiffs and Receiver are ordered to submit evidence to the Court of the time and hours spent litigating the instant matters no later than **October 27, 2023**.  The October 23, 2023 hearing is **VACATED**.

**IT IS SO ORDERED.**