SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JACKSON WAGENER (*pro hac vice*)
jwagener@ascap.com
American Society of Composers, Authors and Publishers
250 West 57th Street
New York, NY 10107
Telephone: (212) 621-6018
Facsimile: (212) 787-1381

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.B. MUSIC CORP., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROYCE INTERNATIONAL BROADCASTING CORPORATION, et al., <br><br> Defendants. | Case No. 5:16-cv-00600-JGB(SPx) <br><br> **DECLARATION OF SHARON D. MAYO IN SUPPORT OF RULE 11 FEE REQUEST, AS DIRECTED BY THE COURT'S OCTOBER 19, 2023 ORDER (DKT. NO. 533)** <br><br> Judge: Hon. Jesus G. Bernal <br> Courtroom: 1 |

MAYO DECL. ISO RULE 11 FEE REQUEST

I, Sharon D. Mayo, declare:

1. I am a senior counsel with the law firm of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), counsel for Plaintiffs and Plaintiffs W.B. Music Corp., *et al.* I am admitted to practice before this Court. Except as otherwise stated, I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would testify competently to them.

2. I make this declaration as directed by the Court's October 19, 2023 Order granting Plaintiffs' motion for sanctions (Dkt No. 533), to provide evidence to the Court of the time and hours spent litigating Defendants' motion for relief under Rule 60 and Plaintiffs' motion for sanctions under Rule 11.

3. Plaintiffs have incurred $18,606.15 in attorneys' fees with our firm in connection with these motions. This sum represents a total of 17.3 hours of attorney time incurred. The time through September 30, 2023 has been billed to the client, and the time for October will be billed after the close of the month. Attached hereto as **Exhibit A** is a schedule of the attorney time incurred.

4. The hours listed in Exhibit A are derived from contemporaneous billing reports recording the time expended in this case for the dates noted. As a matter of regular business practice at Arnold & Porter, each attorney prepares daily records of the time he or she spends on each matter for each client and the work performed. These time records are logged in six minute increments, and include descriptions of the tasks undertaken for each time entry. Those records are then entered in the normal course of business into Arnold & Porter's billing system. In this matter, I am the billing attorney and reviewed all bills for accuracy and reasonableness. To the extent I believed time was not appropriately billed to the client, it was written off and is likewise not included in the exhibit to this declaration. The attached exhibit reflects true and correct timekeeper entries with minor modifications for clarity or to protect potentially privileged and/or confidential information, as Plaintiffs do not intend to waive any privilege associated with these billing records.

5.  In addition to these fees, Plaintiffs incurred costs in the amount of $584.55, representing duplicating and print jobs, courier and overnight delivery fees, and Westlaw research charges. These expenses, also set forth on Exhibit A, were reasonably and necessarily incurred in representing Plaintiffs in connection with the motions at issue, and all of these expenses are of the kind that are normally and customarily billed to and paid by fee-paying clients, and were billed and paid here.

6.  As noted above, I am a senior counsel at Arnold & Porter. My practice focuses on representing parties in complex disputes, including intellectual property matters. I graduated from Claremont McKenna College with a Bachelor of Arts degree in 1986 and received a Juris Doctor degree from Loyola Law School in 1990. Upon graduation, I joined Quinn, Kully & Morrow in Los Angeles as an associate. Quinn, Kully & Morrow combined with Arnold & Porter in 1996. I was elected partner at Arnold & Porter effective January 1, 1999. From 2012–2015 I was recognized as a Northern California Super Lawyer. I was named a "California Lawyer of the Year" for Complex Civil Litigation in 2020. For 31 years, I have represented ASCAP and its members in copyright infringement litigation.

7.  My billing rate on this matter is $1,075.50. This is Arnold & Porter's standard 2023 billing rate for my time, less a 10% discount. Arnold & Porter's billing rates are based on our analysis of the market rate for attorneys with comparable qualifications, background, experience, and reputation at comparable firms performing comparable work. I am informed and believe that this rate is reasonable in relation to the hourly rates prevailing in California for similar work performed by attorneys of similar experience at competitive national law firms.

8.  Jackson Wagener, Senior Vice President, Business and Legal Affairs for ASCAP, has served as co-counsel for Plaintiffs in this action since his admission to practice *pro hac vice* before this Court. Mr. Wagener has also spent time in litigating Defendants' motion for relief under Rule 60 and Plaintiffs' motion for sanctions

under Rule 11. Attached hereto as **Exhibit B** is a declaration from Mr. Wagener setting forth the evidence of the time and hours spent litigating these matters.

9. The following summarizes the value of the time spent by counsel for Plaintiffs in litigating Defendants' Rule 60 motion and Plaintiffs' Rule 11 motion, and the costs incurred:

| | |
|---|---|
| $18,606.15 | Sharon Mayo |
| $29,535.00 | Jackson Wagener |
| $    584.55 | Costs |
| $48,725.70 | Total |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 27, 2023, in San Francisco, California.

                                                              */s/ Sharon D. Mayo*
                                                              SHARON D. MAYO

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, the following document described as: **DECLARATION OF SHARON D. MAYO IN SUPPORT OF RULE 11 FEE REQUEST, AS DIRECTED BY THE COURT'S OCTOBER 19, 2023 ORDER (DKT. NO. 533)** was filed with the Clerk of the United States District Court for the Central District of California using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-1. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action and who have consented under Civil L.R. 5-1 to accept that Notice as service of this document.

/s/ *Vicky Apodaca*

# EXHIBIT A

| Date | Task | Hours | Total | Attorney |
|---|---|---|---|---|
| 8/22/23 | Review Defendants' Rule 60 motion and confer with J. Wagener re strategy for responding, potential Rule 11 motion. | 0.8 | $860.40 | S. Mayo |
| 8/23/23 | Confer with counsel for the Receiver re Defendants' Rule 60 motion, options for response and potential Rule 11 safe harbor letter and motion. | 0.7 | $752.85 | S. Mayo |
| 8/23/23 | Confer with J. Wagener re strategy and call with the Receiver's counsel. | 0.4 | $430.20 | S. Mayo |
| 8/24/23 | Telephone conferences with counsel for the Receiver and with J. Wagener re strategy for opposition to defendants' Rule 60 motion, seeking Rule 11 sanctions, and timing of motions. | 0.7 | $752.85 | S. Mayo |
| 8/25/23 | Telephone conference with J. Wagener re Rule 11 letter and motion, grounds for opposing Rule 60 motion, and strategy. | 0.1 | $107.55 | S. Mayo |
| 8/25/23 | Telephone conference with counsel for the Receiver re opposition to Rule 60 motion. | 0.1 | $107.55 | S. Mayo |
| 8/27/23 | Review docket and prior filings and Defendants' Rule 60 motion and revise draft Rule 11 safe harbor letter, Rule 11 motion and supporting declaration. | 1.4 | $1,505.70 | S. Mayo |
| 8/27/23 | Confer with J. Wagener re draft Rule 11 safe harbor letter and motion and re bankruptcy status of certain Defendants. | 0.3 | $322.65 | S. Mayo |
| 8/27/23 | Review further edits to Rule 11 letter and declaration. | 0.4 | $430.20 | S. Mayo |
| 8/28/23 | Further edits to Rule 11 motion and send to Defendants' counsel Rule 11 safe harbor letter and enclosed draft Rule 11 motion and supporting declaration. | 0.8 | $860.40 | S. Mayo |
| 8/30/23 | Review and revise draft of plaintiffs' opposition to Defendants' Rule 60 motion, and emails and telephone conference with J. Wagener re same and re strategy. | 1.6 | $1,720.80 | S. Mayo |
| 8/31/23 | Further revisions to draft opposition to Rule 60 motion, prepare declaration and exhibits. | 1.2 | $1,290.60 | S. Mayo |
| 8/31/23 | Forward draft opposition to counsel for the Receiver, along with comments on the Receiver's draft opposition. | 0.2 | $215.10 | S. Mayo |
| 9/1/23 | Finalize and file opposition to Defendants' Rule 60 motion. | 1.1 | $1,183.05 | S. Mayo |
| 9/1/23 | Review correspondence from Receiver's counsel re Rule 11 motion. | 0.2 | $215.10 | S. Mayo |
| 9/12/23 | Review Defendants' reply in support of Rule 60 motion. | 0.2 | $215.10 | S. Mayo |
| 9/12/23 | Confer with J. Wagener re Defendants' reply in support of Rule 60 motion and re Rule 11 motion. | 0.2 | $215.10 | S. Mayo |
| 9/13/23 | Research Rule 11 sanctions motion fee request issue. | 0.7 | $752.85 | S. Mayo |
| 9/13/23 | Outreach to D. Schwartz via phone and email to meet and confer on motion. | 0.1 | $107.55 | S. Mayo |
| 9/13/23 | Update J. Wagener re status and strategy. | 0.2 | $215.10 | S. Mayo |
| 9/19/23 | Prepare Rule 11 motion for filing and prepare request to appear remotely at hearing on Defendants' Rule 60 motion. | 0.6 | $645.30 | S. Mayo |
| 9/20/23 | Review defendants' notice of errata for Rule 60 motion and confer with J. Wagener re same. | 0.2 | $215.10 | S. Mayo |

| Date | Description | Hours | Amount | Attorney |
|---|---|---|---|---|
| 9/20/23 | Revise and finalize motion for sanctions under Rule 11 in light of defendants' notice of errata, finalize supporting declaration and proposed order, file motion. | 1.3 | $1398.15 | S. Mayo |
| 9/21/23 | Review the Court's orders continuing Defendants' Rule 60 motion and denying as moot request to appear remotely. | 0.1 | $107.55 | S. Mayo |
| 9/22/23 | Review Receiver's motion for Rule 11 sanctions. | 0.1 | $107.55 | S. Mayo |
| 10/3/23 | Confer with J. Wagener re Defendants' failure to oppose Rule 11 motion. | 0.1 | $107.55 | S. Mayo |
| 10/6/23 | Review Local Rules re failure to oppose a motion and prepare reply in support of motion for Rule 11 sanctions. | 0.5 | $537.75 | S. Mayo |
| 10/6/23 | Review Receiver's reply in support of Rule 11 motion. | 0.1 | $107.55 | S. Mayo |
| 10/18/23 | Review late opposition to Rule 11 motion including further arguments on Rule 60 motion, and Defendants' counsel's doctor's note. | 0.3 | $322.65 | S. Mayo |
| 10/19/23 | Telephone conference and emails with Receiver's counsel re Defendants' late opposition to Rule 11 motion, responses to Defendants' further Rule 60 arguments, and strategy for hearing. | 0.6 | $645.30 | S. Mayo |
| 10/19/23 | Confer with J. Wagener re Defendants' late opposition to Rule 11 motion and strategy for hearing. | 0.2 | $215.10 | S. Mayo |
| 10/19/23 | Review Court's Order on Rule 60 and Rule 11 motions. | 0.2 | $215.10 | S. Mayo |
| 10/24/23 | Prepare declaration and exhibits for fee request pursuant to Court's Order on Rule 11 motion. | 1.6 | $1,720.80 | S. Mayo |
| Total: | | 17.3 | $18,606.15 | |

**Costs Incurred**

| Date | Description | Amount |
|---|---|---|
| 9/1/23 | Courier charges for filing in Riverside | $186.80 |
| 9/13/23 | Westlaw legal research charges | $309.60 |
| 9/20/23 | Duplicating charges | $60.00 |
| 9/20/23 | UPS delivery charges | $16.41 |
| 10/6/23 | UPS delivery charges | $11.74 |
| Total: | | $584.55 |

# EXHIBIT B

SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JACKSON WAGENER (*pro hac vice*)
jwagener@ascap.com
American Society of Composers, Authors and Publishers
250 West 57th Street
New York, NY 10107
Telephone: (212) 621-6018
Facsimile: (212) 787-1381

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.B. MUSIC CORP., et al., | Case No. 5:16-cv-00600-JGB(SPx) |
| Plaintiffs, | |
| v. | **DECLARATION OF JACKSON WAGENER IN SUPPORT OF RULE 11 FEE REQUEST** |
| ROYCE INTERNATIONAL BROADCASTING CORPORATION, et al., | Judge: Hon. Jesus G. Bernal<br>Courtroom: 1 |
| Defendants. | |

WAGENER DECL. ISO RULE 11 FEE REQUEST

I, Jackson Wagener, declare:

1. I have been employed by the American Society of Composers, Authors and Publishers ("ASCAP") as an attorney in ASCAP's New York City office since 2014, first as Vice President, Business and Legal Affairs, and, since July 1, 2020, as Senior Vice President, Business and Legal Affairs. I am admitted to practice before this Court via *pro hac vice* application. I have served as co-counsel of record for Plaintffs in this action—all members of ASCAP—since my *pro hac vice* application was granted on April 12, 2017 (Dkt. No. 59). Except as otherwise stated, I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would testify competently to them.

2. I graduated from Stanford University with a Bachelor of Arts degree in 2000 and went on to receive a Master of Arts degree from Stanford the following year. I received a Juris Doctor degree from Columbia University in 2005. Since graduating law school, I have spent the last 18 years litigating intellectual property matters, the substantial majority of which involved copyright infringement. Before joining ASCAP, I was formerly an associate at the law firms of Weil, Gotshal & Manges LLP, and Greenberg Traurig, LLP, in New York, New York.

3. I am a member in good standing of the bar of the State of New York and the bars of the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Ninth Circuits.

4. As Senior Vice President, Business and Legal Affairs for ASCAP, I manage all copyright infringement litigation on a nationwide basis on behalf of ASCAP, including, specifically, the copyright infringement litigations through which ASCAP seeks to enforce its members' rights of public performance under the federal Copyright Act, 17 U.S.C. §§ 101, *et. seq.* In my 18-plus years as a copyright litigator and my now nearly 10 years at ASCAP, I have developed special expertise in all

1

facets of copyright law and related litigation, particularly in matters involving the unauthorized public performance of copyrighted music.

5. Pursuant to the terms of the uniform membership agreement that ASCAP enters into with each of its members, including each of the Plaintiffs in this case, ASCAP has the authority to institute copyright infringement actions in the name of its members in order to enforce the members' copyrights. When ASCAP undertakes to enforce its members' rights of public performance pursuant to the membership agreement, ASCAP arranges for counsel to represent the members in resulting copyright infringement actions such as this case. In addition, ASCAP pays the legal fees for all copyright infringement lawsuits that it institutes on behalf of its members.

6. In this action, and as set forth in the accompanying declaration of Sharon Mayo, ASCAP was billed for Arnold & Porter Kaye Scholer LLP's services at the firm's standard hourly rates, less applicable discounts, and ASCAP paid for these services on behalf of Plaintiffs.

7. Given my experience as a copyright litigator, and my special expertise in matters involving the infringement of performing rights, I regularly act as a "primary litigator" in actions involving ASCAP's members, and not only as "supervising" in-house counsel.

8. Attached hereto as **Exhibit 1** is a true and correct summary of the total hours I have worked in connection with enforcing the Amended Judgment for which Plaintiffs seek recovery. As set forth in **Exhibit 1**, Plaintiffs are seeking $29,535.00 calculated as 35.8 hours at an hourly rate of $825.00 per hour, for the work that I performed in drafting Plaintiffs' Opposition to Defendants' Rule 60 Motion (the "Rule 60 Opposition") and Plaintiffs' Rule 11 Motion (the "Rule 11 Motion"). As has been my practice in this matter, I specifically have tracked the time that I spend working on this matter as a "primary litigator" (as opposed to work performed in a

supervisory role). **Exhibit 1** sets out the dates, specific tasks, and an accurate record of the time I spent on each task in performing the recorded work.

9. In an effort to distinguish fairly between my dual roles as active litigator and supervisory attorney, I have purposefully not itemized or included time spent in consultation with Ms. Mayo, focusing instead on the time which I spent researching and drafting the Rule 60 Opposition and Rule 11 Motion.

10. Although as in-house counsel I do not have a set billing rate as would be assigned to an attorney in private practice, I believe that an hourly rate of $825 would be reasonable—and in fact lower than prevailing market rates—for an attorney practicing in Los Angeles or New York City, specializing in intellectual property law and litigation, and having 18-plus years of experience.

11. The Court previously awarded to Plaintiffs attorneys' fees at an hourly rate of $740.00 for work that I performed in connection with the trial in this matter in 2018. Dkt. 200. As is customary in the legal industry, I believe that a relatively modest increase in the fee rate first approved by this Court more than five years ago is now appropriate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 27, 2023, at Denver, Colorado.

JACKSON WAGENER

3
WAGENER DECL. ISO RULE 11 FEE REQUEST

# EXHIBIT 1

**Jackson Wagener – Time Records**

***WB Music Corp., et al. v. Royce International Broadcasting, Inc., et al.***
(Plaintiffs' Opposition to Rule 60 Motion and Rule 11 Sanctions Motion)

**August 22, 2023**: Review Defendants' Rule 60 Motion and compare to prior Rule 60 Motion (**1.60**).

**August 23, 2023**: Review prior briefing and relevant District Court and Ninth Circuit Orders regarding issues which Defendants attempt to relitigate through their Rule 60 Motion including: (i) Defendants' various prior attempts in both the District Court and Ninth Circuit to have the receivership discharged, terminated, and/or retroactively unwound; (ii) Defendants' Motion to Compel Plaintiffs to Accept Payment of the Amended Judgment; and (iii) Defendants' Motion to Enforce Settlement (**2.80**).

**August 24, 2023**: Legal research issues relating to Defendants': fraud on the court theory and review relevant case law (**1.50**); begin drafting Rule 11 sanctions motion (**4.60**).

**August 26, 2023**: Continue drafting Rule 11 Sanctions Motion (**4.50**).

**August 27, 2023**: Finish Drafting Rule 11 Sanctions Motion (**3.40**); Draft Mayo Declaration ISO Sanctions Motion (**.90**); Draft Rule 11 Safe-Harbor Cover Letter (**.50**).

**August 28, 2023**: Final review and proof of Rule 11 Sanctions Motion (**.60**); Begin Drafting Rule 60 Opposition (**3.70**).

**August 29, 2023**: Continue drafting Rule 60 Opposition (**6.00**).

**August 30, 2023**: Finish Draft of Rule 60 Opposition (**5.70**).


**TOTAL HOURS:**          35.8