FRED D. HEATHER - State Bar No. 110650
fheather@glaserweil.com
AARON P. ALLAN - State Bar No. 144406
aallan@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Court-Appointed Receiver
W. Lawrence Patrick

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| WB MUSIC CORP., et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ROYCE INTERNATIONAL BROADCASTING CORP., et al.<br><br>　　　　Defendants. | CASE NO.: 5:16-cv-00600-JGB (SPx)<br>Hon. Jesus G. Bernal<br><br>**RECEIVER W. LAWRENCE PATRICK'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF HIS SUPPLEMENTAL REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>**FILED CONCURRENTLY: DECLARATIONS OF FRED D. HEATHER, BRETT AXELROD, DAWN M. SCIARRINO, AND W. LAWRENCE PATRICK IN SUPPORT THEREOF**<br><br>DATE:　　February 12, 2024<br>TIME:　　9:00 a.m. PST<br>COURTROOM:　Dept. 1 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that on February 12, 2024, at 9:00 a.m. PST, or as soon thereafter as the matter may be heard, a hearing will be held in Department 1 of the Eastern Division of the District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California, Receiver W. Lawrence Patrick, by and through his counsel of record, will and hereby does move for the issuance of an order approving, as to all defendants except Edward R. Stolz, Silver State Broadcasting, LLC, and Golden State Broadcasting, a supplemental request for an award of attorneys' fees and costs which were incurred after those fees and costs which were awarded in this Court's February 22, 2023, Order Approving Receiver's Final Report and Accounting ("Motion"), based on the following grounds:

(1) a receiver appointed by a court is entitled to be fairly compensated for services rendered and expenses incurred; and

(2) the attorneys' fees and costs sought by this motion were necessary and reasonably incurred.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the Declarations of Fred D. Heather, W. Lawrence Patrick, Dawn M. Sciarrino, and Brett Axelrod, and upon all documents, records, and files in this action, and such oral and documentary evidence as may be presented at the time of the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 10, 2020, this Court approved an offer to purchase defendants' radio station assets, and directed the Receiver to proceed "expeditiously and with an aim to close the transaction before the close of the calendar year." (Dkt. No. 307). More than three years later, the Bankruptcy Court in Nevada, in a Chapter 11 proceeding initiated in October 2021 by certain former defendants, authorized the sale of those same radio stations. Approval of the sale and transfer of the radio station licenses are pending before the FCC (Declaration of Dawn M. Sciarrino ¶ 5). The intervening three-year period from this Court's September 2020 Order has been filled with every imaginable effort by defendants in this Court and the debtors in bankruptcy to obstruct, delay and frustrate the ability of the Receiver and creditors to bring this matter to a final and just conclusion. This motion and supplemental request is being made to recover the Receiver's fees and expenses, and those of his court-approved professionals, which were necessarily incurred in opposing those obstructive efforts, subsequent to the Court's approval of the Receivers Report and Final Accounting.

On October 19, 2022, the Ninth Circuit issued its mandate, putting into effect its Judgment entered August 31, 2022, in a published decision, affirming the District Court's order denying Defendants' motion to discharge the Receiver. The Court concluded that the District Court denied the motion to terminate the receivership "for legitimate purposes … to allow the Receiver to prepare a final accounting, to ensure that the Receiver would be compensated … and to ensure that obligations incurred during the receivership would be paid." (Dkt. No. 501 at 20).

In accordance with prior orders of this Court and the Judgment by the Ninth Circuit, the Receiver hereby requests that the Court approve this Supplemental Request for an Award of Fees and Costs ("Supplemental Request"). This motion is made to apply to all defendants except Edward R. Stolz, Silver State Broadcasting,

LLC, and Golden State Broadcasting, who are presently in bankruptcy proceedings in the cases entitled *In re Silver State Broadcasting, LLC*, Case No.: 21-14978-abl, and *In re Edward Royce Stolz, II,* Case No.: 23-bk-15342-SY.

Following his appointment, the Receiver, with court approval, retained the services of several professionals to assist him in carrying out his duties. Those professionals included the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP ("Glaser Weil") appointed as the Receiver's counsel, and the firm of Fox Rothschild LLP appointed as the Receiver's bankruptcy counsel. It is on behalf of those professionals as well as the Receiver that this Supplemental Request is made.

As this Court is well aware, Defendants, and particularly Mr. Stolz, have opposed the Receiver's ability to act for the benefit of creditors at every turn, and have argued repeatedly for termination of the receivership. While that argument has now been rejected by the Ninth Circuit, defendants have continued to file frivolous applications to this Court and to the Ninth Circuit, and have attempted to delay and obstruct the efficient conduct of bankruptcy proceedings in Nevada.

The Supplemental Request will compensate the Receiver and his court-approved attorneys for the work they have done to oppose and overcome this obstruction by defendants.

## II.     JURISDICTION

This Court's February 22, 2023, Order approving the Receiver's Final Report and Accounting provided that the Court "retains jurisdiction to award additional fees and costs that may be further incurred." Notwithstanding defendants' frivolous appeal of this Court's October 19, 2023 Order Denying Motion for Relief from Order Establishing Receivership, and Other Contested Orders (Dkt. No. 533), this Court has jurisdiction to act on post-judgment motions for attorneys' fees after filing of a notice of appeal. *Masalosalo v. Stonewall Ins. Co.,* 718 F2d 955, 957 (9th Cir. 1983); FRCP 54(d)(2), Adv. Comm. Note, 1993 Amend.; FRCP 58, Adv. Comm. Note, 1993 Amend.

## III. ARGUMENT

### A. The Receiver, His Counsel, and Other Professionals Should Be Compensated for their Work Subsequent to the Final Report and Accounting Award

Generally, a receiver appointed by a court is entitled to be fairly compensated for services rendered and expenses incurred. This entitlement to reasonable compensation extends to the professionals employed by the receiver. *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). "In determining the reasonableness of fees and costs requested, the court considers the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefits to the receivership estate." *Federal Trade Commission v. Cardiff*, 2020 WL6815100 (C.D. Cal. 2020). "The court appointing the receiver has full power to fix the compensation of [the] receiver and the compensation of [professionals employed by the receiver]." *Id.* at 418.

The Court is well aware of the work done in this case by the Glaser Weil firm, summarized below and detailed in the Declaration of Fred D. Heather. The work of bankruptcy counsel is described in detail in the concurrently filed Declaration of Brett A. Axelrod and summarized below to enable the Court to evaluate the request for fees and costs by Fox Rothschild LLP. The Receiver's work is also summarized below and in the Declaration of W. Lawrence Patrick.

### B. Services Rendered By Glaser Weil LLP

As reflected in the concurrently filed Declaration of Fred D. Heather, the Receiver's counsel, subsequent to the Court's February 22, 2023 Order, awarding Glaser Weil fees in the amount of $991,789.17 for services rendered and costs through December 2022, Glaser Weil incurred an additional $185,715.50 in fees and costs between January 2023 and December 2023 ("Fee Period").[1] Those fees and

---

[1] These fees and costs do not reflect the services rendered in connection with litigating Defendants' Rule 60(b) Motion to Set Aside Order [Dkt. No. 515] or

costs were incurred as a result of preparing the following for this Court:

(i) Receiver's Final Accounting and Motion for Compensation [Dkt. No. 503]; and

(ii) Receiver's Reply In Support of Final Accounting and Motion for Compensation [Dkt. No. 505]

(iii) Receiver's Ex Parte Application for Issuance of Writ of Execution [Dkt. No. 509].

Those fees and costs also reflect services rendered in connection with responding to Defendant/Appellants' efforts in the Ninth Circuit Court of Appeals (Case No. 23-3323), including:

(i) opposing Defendant/Appellants' Motion to Supplement the Record [Dkt. No. 3];

(ii) responding to two separate Emergency Motions to Stay [Dkt. No. 7 and 20]; and

(iii) bringing Receiver/Appellee's Motion for Summary Disposition [Dkt. No. 18].

A true and correct statement detailing the substantive motions prepared on behalf of the Receiver and related responses, the substantive oppositions prepared on behalf of the Receiver, and other substantive filings in this Court and in the Ninth Circuit Court of Appeals during the Fee Period is provided in the Declaration of Fred D. Heather as Exhibit A.

The fees incurred during the Fee Period also reflect assistance to bankruptcy counsel in their efforts as described below.

**C.  Services Rendered By Bankruptcy Counsel**

The services that Fox Rothschild LLP ("Fox") performed in representing the

---

bringing Receiver's related Motion for Sanctions Under Fed. R. Civ. P. Rule 11 [Dkt. No. 529] and Receiver's Reply in support thereof [Dkt. No. 531]. A fee award in the amount of $48,182.00 for those services rendered was issued by this Court on October 31, 2023 [Dkt. No. 536].

Receiver in the Debtors' Bankruptcy Cases from January 1, 2023 to December 15, 2023 (the "Fee Period"), were reasonably necessary to further the interests of the Receivership, including by preparing, filing and serving the following pleadings:

(i) joinders in the motions seeking the appointment of a chapter 11 trustee filed by both creditor Mincin Law PLLC and the United States Trustee;

(ii) a motion for the allowance of an administrative claim for the Receiver's services as a pre-petition receiver and for post-petition turnover efforts; and stipulations with the chapter 11 trustee to continue the hearing on the Receiver's motion;

(iii) an opposition to Debtors-Out-Of-Possession's motion to extend the automatic stay to non-debtors, and motion seeking a hearing on an order shortening time;

(iv) an objection to the Debtors-Out-Of-Possession's plan and disclosure;

(v) a joinder to the chapter 11 trustee's reply to the Debtors-Out-Of-Possession's and Harris Law Practice's oppositions to the motion to approve the auction sale of the debtors' assets;

(vi) an opposition to Harris Law Practice's motion to remove the chapter 11 trustee;

(vii) review the filing of Mr. Stolz's personal chapter 13 bankruptcy case, and related pleadings;

(viii) prepare the Receiver's proof of claim in Mr. Stolz's personal chapter 13 bankruptcy case; and

(ix) research and commence preparation of motion for relief from stay in Mr. Stolz's personal chapter 13 bankruptcy case.

A true and correct summary of the substantive motions prepared on behalf of the Receiver and related responses, the substantive oppositions prepared on behalf of the Receiver, and other substantive filings in the Bankruptcy Cases during the Fee Period is attached hereto, and detailed in the Declaration of Brett Axelrod as Exhibit

A. In addition to preparing and filing these pleadings on behalf of the Receiver, Fox appeared before the Bankruptcy Court and presented argument in support of the relief sought by the Receiver and in opposition to relief sought by the Debtors-Out-Of-Possession, as appropriate to further the interests of the Receiver and the receivership estate.

Moreover, the services that Fox performed in representing the Receiver in this Court during the Fee Period were reasonably necessary to further the interests of the Receivership, including the following:

    (i)    participating in the preparation of the Receiver' motion for compensation;

    (ii)    participating in the preparation of the Receiver's motion for sanctions;

    (iii)    identifying and evaluating Mr. Stolz's assets for collection activities;

    (iv)    filing an application in order to obtain judgment for collection efforts;

    (v)    implementing a collection strategy, including recording abstracts, JL-1, and pursuing state law collection remedies against trust assets and drafting related state court petitions relating to the same;

    (vi)    corresponding with a title company and Mr. Stolz's counsel relating to potential sale of real property held by Mr. Stolz's trust;

    (vii)    opposing Mr. Stolz's motion relating to petition to collect against trust assets;

    (viii)    drafting Fed. R. Civ. P. 69 discovery directed to Mr. Stolz; and

    (ix)    preparing the Fox submission in connection with the Receiver's Third Motion for Award of Attorneys' Fees.

A true and correct summary of the substantive motions prepared on behalf of the Receiver and related responses, the substantive oppositions prepared on behalf of the Receiver, and other substantive filings in this Court during the Fee Period is attached hereto, and detailed in the Declaration of Brett Axelrod as Exhibit B. In addition to participating, preparing and/or filing these pleadings on behalf of the

Receiver, Fox appeared before this Court and presented argument in support of the relief sought by the Receiver and opposed relief sought by Mr. Stolz, as appropriate to further the interests of the Receiver and the receivership estate.

Fox diligently worked to coordinate and facilitate the efficient prosecution of its representation of the Receiver. Staffing of matters for the Receiver was done with the objective of providing the level of representation appropriate to the significance, complexity, or difficulty of the particular matter. Due to the expedited and contentious nature of the Bankruptcy Cases, it was not always possible to delegate authority to persons with lower billing rates. However, Fox has taken great care to coordinate tasks at the lowest billing rate possible and to coordinate with the Receiver's other professionals to ensure there was no duplication of effort on any task. On certain occasions, when more than one attorney attended a meeting or hearing, the attendance was necessary to adequately represent the Receiver's interests and provide the context from which appropriate advice and counsel could be given.

Fox reviewed all client billings for reasonableness and made adjustments so that the charges are consistent with the value of the services provided. Fox charged hourly rates that are similar to those rates charged by comparable law firms for similar legal services. Fox's blended hourly rate in connection with its representation of the Receiver, including attorneys and paraprofessionals, was $599.17, as set forth in the summary attached to the Declaration of Brett Axelrod as Exhibit C.

Fox's fees and costs in this matter totaled $181,809.57, as detailed in time records attached to the Declaration of Brett Axelrod as Exhibit D.

Fox believes that the requested compensation is appropriate, and that the fees are reasonable and necessary in light of the circumstances of the Chapter 11 Cases and the scope and difficulty of the business and legal issues involved.

Fox respectfully submits that the Fox Compensation is fair and reasonable given (a) the complexity of the Bankruptcy Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the

costs of comparable services.

### D. Services Rendered By The Receiver

Pursuant to the Court's Order Appointing W. Lawrence Patrick as Receiver in Aid of Post-Judgment Execution (Dkt. No. 284), the Receiver is entitled to a base fee of $90,000.00 for the 12-month period between January and December 2023, compensated at $7,500/month.

Pursuant to that same Order, the Receiver is entitled to a brokerage commission of Five Percent (5%) on the sale of radio station assets. Pre-petition the Receiver had brokered a sale to VCY America, Inc. and when the bankruptcy trustee was appointed, estate assets were sold to VCY, thus earning the Receiver a commission. The Receiver is therefore entitled to an additional $122,297.64 representing a Five Percent (5%) commission on the sale price of $2,455,952.88 for assets sold to VCY America, Inc. (See Exhibit A to Declaration of W. Lawrence Patrick at page 4).

The Receiver is due an additional $13,600.00 in fees for sixteen hours of guidance to the bankruptcy Trustee and his associates, compensated at the Receiver's hourly rate of $850.00. As attested in the Receiver's concurrently filed declaration, in addition to bringing VCY to the table, the Receiver engaged in lengthy conversations with the Trustee and his associates to explain how station sales work; how to reach all of the media brokers in the country by e-mail and phone using the NAMB Directory; why the commission being offered would not attract any brokers to assist in the sales as the commission being offered was significantly lower compared to normal commission in station sales (which eventually proved correct); provided assistance in the search for assets owned by Edward Stolz with several conversations with bankruptcy attorneys and those chasing his personal real estate sales; and generally answering many questions about the Receivership and how the lack of guidance from Mr. Stolz prolonged the Receiver's process and used up significant legal time.

**E.   The SUPPLEMENTAL Compensation Due To The Receiver And His Counsel[2]**

As set forth in this supplemental request, the following are the amounts requested by the Receiver and his counsel:

(i)   Glaser Weil Fink Howard Jordan & Shapiro, LLP: $185,715.50

(ii)  Fox Rothschild LLP: $181,809.57

(iii) Receiver W. Lawrence Patrick: $225,897.64

**IV.   CONCLUSION**

Based upon the foregoing, the Receiver respectfully requests that this Court (1) grant this Motion and approve the Receiver W. Lawrence Patrick's supplemental request for an award of fees and costs, and (2) retain jurisdiction to award additional fees and costs to the extent they are reasonably and necessarily incurred.

DATED:  January 9, 2024

GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP

By:   */s/ Fred D. Heather*
      FRED D. HEATHER
      AARON P. ALLAN

      Attorneys for Court-Appointed Receiver
      W. Lawrence Patrick

---

[2] The Receiver reserves the right to seek additional fees for himself and his counsel to the extent that there is further litigation over this application.