SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LAURA E. WATSON (SBN 317155)
laura.watson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JACKSON WAGENER (*pro hac vice*)
jwagener@ascap.com
American Society of Composers, Authors and Publishers
250 West 57th Street
New York, NY 10107
Telephone: (212) 621-6018
Facsimile: (212) 787-1381

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WB MUSIC CORP., et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROYCE INTERNATIONAL BROADCASTING CORP., et al.,<br><br>Defendants. | Case No: 5:16-cv-00600-JGB(SPx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT RE PAYMENT OF RULE 11 SANCTIONS**<br><br>**Jury Verdict:** March 13, 2018<br>Judge: Hon. Jesus G. Bernal |

1

      Plaintiffs hereby join in the response (Dkt. 541) filed by Receiver W. Lawrence Patrick to the Status Report (Dkt. 540) filed by Defendants Royce International Broadcasting Corp., Edward R. Stolz, II, Playa Del Sol Broadcasters and their counsel Donald Charles Schwartz. As the Receiver ably demonstrates, Defendants and Mr. Schwartz have not paid the Rule 11 sanctions imposed by the Court in its October 31, 2023 Order (Dkt. 536, "the Order"), and the Status Report submitted by Defendants on January 5, 2024 is replete with untenable excuses, misstatements and misdirection. Plaintiffs write separately to make and echo the following points.

      *First,* there is nothing unclear about the Order. It expressly states that Defendants and Mr. Schwartz are *jointly and severally* obligated to pay Plaintiffs $48,725.70 and the Receiver $48,182.00. Dkt. 536.[1]

      *Second,* although the Order was appealed by Defendants, they have neither posted a bond to stay enforcement of the award nor sought a waiver of the bond posting requirement.

      *Third*, Mr. Schwartz did not individually appeal the Order. Dkt. 537.

      *Fourth*, the Order does not violate any bankruptcy stay. Mr. Stolz filed for bankruptcy protection *after* the Order was entered, and pre-petition sanctions are excepted from the automatic stay. *Dingley v. Yellow Logistics, LLC (In re Dingley)*, 852 F.3d 1143 (9th Cir. 2017) (contempt proceeding to collect previously awarded discovery sanctions is not stayed). Mr. Schwartz falsely asserts that his Chapter 13 bankruptcy was "pending" when the Order was issued, but in fact *his bankruptcy was dismissed nearly two months before the Order*.

      *Fifth*, Defendants' claimed impoverishment is not an excuse, and simply is not credible given the history of Defendants' financial representations to this and other Courts. Over the eight-year span since the action was filed, Defendants' sworn

---

[1] Defendants and Mr. Schwartz do not even mention in their Status Report the amount due to Plaintiffs. So the record is crystal clear: neither Defendants nor Mr. Schwartz have paid the sanctions owed to Plaintiffs.

1  statements regarding their supposed financial condition have vacillated wildly
2  depending on what best suits their litigation cause *du jour*.  For example, and as the
3  Court will likely recall, during post-judgment discovery, Defendant Stolz repeatedly
4  swore that he lacked any assets to satisfy the judgment entered against him.  *See, e.g.*,
5  Dkt. 220-2, ¶ 4.  Yet, when this Court took the extraordinary step of appointing a
6  receiver over Defendants' radio station assets, Stolz (within a matter of weeks)
7  quickly "discovered" funds to pay off the judgment.  Dkt. 321 (Defendants' Ex Parte
8  Application For Order To Compel Plaintiffs To Accept Payment Of The Amended
9  Judgment).  That Defendants now plead poverty as an excuse for their failure to pay a
10  sanctions award should come as no surprise; it is par for the course.  The Court
11  should give no weight to these claims.
12         In short, Defendants and Mr. Schwartz continue to flout the authority of this
13  Court and the rule of law, and Plaintiffs respectfully suggest that the Court take all
14  steps necessary to enforce the Order, including such further fines, sanctions, or an
15  Order to Show Cause re Contempt as the Court deems just and proper.

18  Dated:  January 16, 2024         ARNOLD & PORTER KAYE SCHOLER LLP

                                     By: */s/ Sharon D. Mayo*
                                            Sharon D. Mayo

                                     Sharon D. Mayo
                                     Laura E. Watson
                                     ARNOLD & PORTER KAYE SCHOLER LLP

                                     Jackson Wagener (*pro hac vice*)
                                     AMERICAN SOCIETY OF COMPOSERS,
                                     AUTHORS AND PUBLISHERS

                                     *Attorneys for Plaintiffs*

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT
RE PAYMENT OF RULE 11 SANCTIONS**

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on **January 16, 2024**, the following document described |
| 3 | as: **PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT RE** |
| 4 | **PAYMENT OF RULE 11 SANCTIONS** was filed with the Clerk of the United |
| 5 | States District Court for the Central District of California using the court's electronic |
| 6 | filing system (ECF), in compliance with Civil L.R. 5-1.  The ECF system serves a |
| 7 | "Notice of Electronic Filing" to all parties and counsel who have appeared in this |
| 8 | action and who have consented under Civil L.R. 5-1 to accept that Notice as service |
| 9 | of this document. |

*/s/ Sharon D. Mayo*
Sharon D. Mayo

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT
RE PAYMENT OF RULE 11 SANCTIONS**